UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN COMBS,

                      Plaintiff,

    -against-

COURTNEY BURGESS, ARIEL MITCHELL,
and NEXSTAR MEDIA INC.,

                      Defendants.

No. 25-cv-650

**MEMORANDUM OF LAW IN SUPPORT OF SEAN COMBS'**
**MOTION TO ENLARGE TIME TO SERVE**

SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Plaintiff Sean Combs*

Plaintiff Sean Combs ("Plaintiff") respectfully requests an additional ninety (90) days to serve Defendants Ariel Mitchell and Courtney Burgess (together, "Defendants") because despite Plaintiff's diligent efforts to serve these Defendants, Plaintiff has not been able to complete service.

**BACKGROUND**

Plaintiff filed a complaint against Defendants Courtney Burgess, Ariel E. Mitchell and Nexstar Media Inc. on January 22, 2025. *See* ECF No. 1. After seeking and obtaining permission from the Court, Plaintiff filed a corrected complaint against the same Defendants on February 3, 2025 (the "Complaint"). *See* ECF No. 16. On April 2, 2025, Plaintiff served Defendant Nexstar Media Inc. *See* ECF No. 24. Thereafter, Plaintiff consented to Defendant Nexstar Media Inc.'s request for an extension of time until May 14, 2025 to respond to the Complaint. *See* ECF No. 27.

Since filing the Complaint, Plaintiff has made multiple attempts to personally serve Defendants Burgess and Mitchell and has likewise made multiple requests that these Defendants waive service, but to date, has not been able to serve them or obtain waivers of service, as described below.

**A. Plaintiff's Attempts to Serve Defendant Burgess**

Plaintiff retained Demovsky Lawyer Service ("DSL"), a nationwide document retrieval and process service company, to effect service on Defendants. *See* Declaration of Erica Wolff dated April 21, 2025 ("Wolff Decl."), ¶ 3. Plaintiff arranged for a process server from DLS to attempt personal service on Defendant Burgess at 708 Lancelot Drive, Florence, South Carolina 29505, where he is believed to reside. The process server, Matthew Fortner, attempted service there on April 2, 2025, April 4, 2025, and April 5, 2025. *See* Ex. A to Wolff Decl., Aff. of Matthew Fortner. After Mr. Fortner's second attempt to serve Defendant Burgess, Mr. Fortner obtained a phone number for Defendant Burgess from Defendant Burgess's neighbor and called that number.

1

*Id.* On Saturday, April 5, 2025, Mr. Fortner received a return phone call from Defendant Burgess, who indicated that "he would have to talk to his lawyer" and would call Mr. Fortner back on Monday. *Id.* Neither Defendant Burgess nor any lawyer on his behalf ever returned that call.

On April 14, 2025, Carmina Hachenburg, a paralegal at undersigned counsel's law firm, Sher Tremonte LLP, mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, and a pre-paid return envelope to Defendant Burgess at 708 Lancelot Dr., Florence, South Carolina 29505—the same address where Mr. Fortner attempted to personally serve Defendant Burgess. The following day, on April 15, 2025, Samantha Luevanos, a paralegal at undersigned counsel's law firm, mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, and a pre-paid return envelope to Defendant Burgess at 747 Valley St., Apt. 2H, Maplewood, NJ 07040, another address that appears to be associated with Defendant Burgess based on Plaintiff's investigation. *See* Declaration of Samantha Luevanos dated April 21, 2025 ("Luevanos Decl."), ¶ 5.

Following Plaintiff's mailings to Defendant Burgess in South Carolina and New Jersey, Timothy Botti, a process server for DLS made four attempts to serve Defendant Burgess at his New Jersey address. *See* Ex. C to Wolff Decl., Aff. of Timothy Botti. Mr. Botti attempted to serve Defendant Burgess over a three-day period at different times of day, but each time he rang the doorbell, no one answered. *Id.*

**B. Plaintiff's Attempts to Serve Defendant Mitchell**

Plaintiff initially asked DLS to serve Defendant Mitchell at the address on the summons issued in this case, which is the address listed as Defendant Mitchell's professional address in numerous filings she has made as an attorney in other matters. *See* Wolff Decl. ¶¶ 4-5. However, DLS determined that the address Defendant Mitchell lists on other court filings as her business

2

address—500 NW 2nd Avenue, Miami, Florida—is not in fact, a business address, but is instead only a post office box. *Id.* Undersigned counsel then engaged a private investigator to identify other potential addresses where Defendant Mitchell might reside or do business. The investigator provided the following as potential addresses where Defendant Mitchell might be located: (1) 275 NW 8th St Apt. 302, Miami, FL 33136; and (2) 1122 Copperwood Dr, Marietta, GA 30064. *See* Wolff Decl. ¶ 6.

On April 7, 2025, John Brady, a DLS process server, attempted to serve Defendant Mitchell at 275 NW 8th Street, Apt 302, Miami, Florida 33136 (the "Miami Address"). *See* Ex. B to Wolff Decl., Aff. of John Brady. On that date, Mr. Brady was unable to gain access to the apartment building at the Miami Address. *Id.* Several days later, on April 11, 2025, Mr. Brady attempted personal service at that address again, but again could not gain access to the building. *Id.* Mr. Brady made a third attempt to personally serve Defendant Mitchell at the Miami Address on April 14, 2025, but again could not gain access. Mr. Brady's service attempts took place on different days of the week and different times of day over a one-week period, but he was never able to enter the apartment building at the Miami Address.

After making three unsuccessful attempts to personally serve Defendant Mitchell, undersigned counsel contacted Defendant Mitchell by mail and email to ask Defendant Mitchell to agree to waive service. First, on April 14, 2025, Ms. Hachenburg mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, a copy of Judge Cronan and Magistrate Judge Caves' Individual Rules and Practices in Civil Cases, and a pre-paid return envelope to Defendant Mitchell at the Miami Address. *See* Declaration of Carmina Hachenburg dated April 21, 2025 ("Hachenburg Decl."), ¶¶ 3-4. Second, the following day, on April 15, 2025, undersigned counsel emailed Defendant Mitchell at the email

3

address reflected for her on numerous court dockets ("Counsel's April 15, 2025 Email"). *See* Wolff Decl., ¶ 8. In Counsel's April 15, 2025 Email, counsel included a copy of the summons and Complaint in this matter as well as a copy of the Waiver of Service of Summons and asked Defendant Mitchell to agree to waive service of summons. *See id.*; Ex. D to Wolff Decl., Counsel's April 15, 2025 Email. Second, on the same day, Ms. Luevanos mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, and a pre-paid return envelope to Defendant Mitchell at two addresses that appear, based on Plaintiff's investigation, to be associated with Defendant Mitchell. *See* Luevanos Decl., ¶¶ 3-5. Ms. Luevanos mailed the aforementioned materials to Defendant Mitchell at the Miami Address where Mr. Brady attempted personal service, as well as at 1122 Copperwood Dr., Marietta, Georgia 30004. *Id.* ¶ 4.

To date, as of April 21, 2025, Plaintiff has not been able to personally serve Defendants Mitchell and Burgess and neither Defendant has returned an executed waiver of service. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless granted time to enlarge service by the Court, Plaintiff must effect service on Defendants Burgess and Mitchell by May 4, 2025, ninety days from the date when Plaintiff filed the Complaint.[1]

**ARGUMENT**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve a summons and complaint within ninety days of filing, but that upon a showing of good cause for failure to serve within that period, "the court must extend the time for service for an appropriate period." Good cause to enlarge the time to serve exists here because, as set forth in the

---

[1] Even if the ninety-day period for service began to run from January 22, 2025, the date when Plaintiff first filed a complaint in this case, rather than from February 3, 2025, when Plaintiff was granted permission to and did file a corrected complaint—the operative Complaint in this case—Plaintiff makes this request by April 22, 2025, the date on which the ninety day period beginning on January 22, 2025 would expire.

Declarations of Erica Wolff, Carmina Hachenburg, and Samantha Luevanos, and Affidavits of Non-Service of Matthew Fortner (Ex. A to Wolff Decl.), John Brady (Ex. B to Wolff Decl.), and Timothy Botti (Ex. C to Wolff Decl.), Plaintiff has made good faith efforts to personally serve these Defendants and good faith efforts to obtain waivers of service, but has to date, been unable to either serve or obtain waivers. To determine whether a plaintiff has shown good cause under Rule 4(m), courts generally consider "whether: (1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service." *Commer v. McEntee*, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003).

In circumstances identical to those at issue here, where a Plaintiff makes repeated, timely and reasonable efforts to effect service but is unsuccessful, courts in this Circuit have found good cause exists to extend the time for service. For example, when a plaintiff has hired a process server to effect service and not "merely [] rel[ied] on a process server to effect service" but instead "kept in contact with them to determine the status of service and whether it would be effected in time" and taken the further step of making a "motion for enlargement of time," such conduct by plaintiff's counsel "weighs in favor of a showing of diligence" and demonstrates that plaintiff is "aware of its obligations under Rule 4(j) and [is] attempting to comply with them." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990) (denying motion to dismiss for lack of timely service because plaintiff's attorneys "made reasonable efforts to effect service"). Where a plaintiff has made "reasonable efforts to effect service" and service has not been timely completed, "dismissal is unwarranted" and that "harsh sanction" is reserved for "those cases in which non-service was the result of mere inadvertence." *Geller v. Newell*, 602 F. Supp. 501, 502 (S.D.N.Y. 1984) (denying dismissal for failure to effect timely service where "plaintiff was diligent in his efforts to serve defendant," effected service on defendant after the

5

period for service ended, and where defendant had not alleged prejudice due to the delay in service).

Good cause exists to extend the time for service because Plaintiff has made repeated, diligent efforts to effect service. First, Plaintiff retained a reputable process server company to arrange service. Then, when Plaintiff realized that Defendant Mitchell's business address is nothing more than a P.O. Box, Plaintiff hired a private investigation firm to identify relevant addresses for Defendant Mitchell. Process servers attempted personal service of Defendant Mitchell on three occasions and attempted personal service on Defendant Burgess on seven occasions (at two different addresses). When the process servers were unsuccessful, Plaintiff sought waivers of service by mail at multiple addresses, and by email for Defendant Mitchell, whose email address Plaintiff was able to obtain. Plaintiff has attempted to effect service on Defendants in every manner contemplated by Rule 4 and has simply been unsuccessful, but not for lack of trying.

Even if Plaintiff had not made diligent efforts, the Court has "discretion to enlarge the time in which service must be completed." *Bourdeau v. Hous. Works, Inc.*, No. 99-cv-11915, 2001 WL 943316, at *7 (S.D.N.Y. Apr. 20, 2001) (denying motion to dismiss for failing to serve the complaint within ninety days, as required under Fed. R. Civ. P. 4(m)). When there is no colorable claim that a defendant will be prejudiced by extending the time for service, it is particularly appropriate for a court to use its discretion to enlarge the time for service. *See Barney Assocs.*, 130 F.R.D. at 294 (noting prejudice under Rule 4 "involves impairment of the defendant's ability to defend on the merits, rather than merely foregoing such a procedural or technical advantage").

Defendants will not be prejudiced if the Court grants the instant application. This Court has every reason to believe that Defendants are already well-aware of the pending Complaint based

on Defendant Burgess's phone call to Mr. Fortner regarding the attempted service and based on Plaintiff's counsel's email to Defendant Mitchell at her business email address, as well as public statements Ms. Mitchell has made about this lawsuit.  Moreover, even if they are not, there is no impending statute of limitations that would bar refiling of this matter and there is no potential impact on the Defendants' defenses.  *See id.*

## CONCLUSION

Because Plaintiff has made repeated, reasonable efforts to timely serve Defendants and because Defendants would not be prejudiced by extending the time for service, Plaintiff respectfully requests that the Court enlarge the time for service of the Complaint by ninety days.

Dated: New York, New York
April 21, 2025

SHER TREMONTE LLP

*/s/ Erica A. Wolff*

Erica A. Wolff
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
Fax: (212) 202-4156
EWolff@shertremonte.com
MTremonte@shertremonte.com

*Attorneys for Plaintiff Sean Combs*