```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
SEAN COMBS,                                                             :
                                                                        :
                              Plaintiff,                                :
                                                                        :
              -v-                                                       :   25 Civ. 650 (JPC)
                                                                        :
COURTNEY BURGESS, ARIEL MITCHELL, and                                   :   ORDER
NEXSTAR MEDIA INC.,                                                     :
                                                                        :
                              Defendants.                               :
                                                                        :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Sean Combs moves the Court for an additional ninety days to serve Defendants Ariel Mitchell and Courtney Burgess (together, the "Individual Defendants") pursuant to Federal Rule of Civil Procedure 4(m). *See* Dkts. 30 ("Motion"), 31 ("Wolff Decl."), 32 ("Luevanos Decl."), 33 ("Hachenburg Decl.").

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows "good cause" for the failure to serve, however, the Court "must extend the time for service for an appropriate period." *Id.* "The plaintiff bears the burden of proof in showing that [he] had good cause in not timely serving the defendant." *Deptula v. Rosen*, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021) (internal quotation marks omitted). "To establish good cause 'a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.'" *Id.* (quoting *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009)); *see also U.S. S.E.C. v. Shehyn*, No. 04 Civ. 2003 (MBM), 2005 WL

2990643, at *2 (S.D.N.Y. Nov. 7, 2005) ("In evaluating 'good cause,' courts examine whether the plaintiff has made reasonable efforts to effect service and whether the defendant has been prejudiced by the delay."). "Inadvertence, mistake or neglect does not constitute good cause for an extension." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016).

Here, Combs has established good cause exists for his failure to serve the Individual Defendants. Combs's attorney represents that he has repeatedly attempted to serve both Mitchell and Burgess but has been frustrated through no fault of his own. To try and effect service on the Individual Defendants, Combs hired Demosky Lawyer Service ("DLS")—a national process service company. Wolff Decl. ¶ 3. With respect to Burgess, Combs arranged for DLS to attempt personal service at a South Carolina address at which Combs believes Burgess to reside. Wolff Decl., Exh. A; *see* Motion at 1 (referring to the South Carolina address as where Burgess "is believed to reside"). The process server attempted service at that address on three separate days at three different times of day, but no one answered the door. Wolff Decl., Exh. A. The process server managed to reach Burgess by phone, but Burgess replied that he had to speak with his lawyer. *Id.* Combs then mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, and a pre-paid return envelope to Burgess to two separate addresses identified as being associated with Burgess—the address in South Carolina and another address in New Jersey. Luevanos Decl. ¶ 5; Hachenburg Decl. ¶ 4. A process server with DLS then made four separate attempts to personally serve Burgess at the New Jersey address. Wolff Decl., Exh. C. On all four occasions, no one responded when the process server rang the doorbell. *Id.* Nor has Combs's law firm received an executed Waiver of Service of Summons from Burgess. Hachenburg Decl. ¶ 5.

Combs encountered similar issues in attempting to serve Mitchell. Mitchell's attorney had identified an address in Florida as Mitchell's professional address. Wolff Decl. ¶ 4. After DLS

discovered that this address was actually a post office box, Combs hired a private investigator to locate other potential addresses for Mitchell. *Id.* ¶¶ 5-6. The investigator identified two potential addresses for Mitchell, another one in Florida and one in Georgia. A DLS process server made three attempts to personally serve Mitchell at that Florida address—at different times and on different days of the week—but to no avail. Wolff Decl., Exh. B. Combs then mailed a copy of the summons and Complaint, a request to waive Service of Summons, copies of the Waiver of Service of Summons, and a pre-paid return envelope to three different addresses associated with Mitchell, *i.e.*, the professional address identified by Mitchell's attorney and the two addresses found by Combs's investigator.[1] Luevanos Decl. ¶¶ 3-4; Hachenburg Decl. ¶ 3. Combs also emailed the same information to Mitchell at an email address reflected for her on numerous court dockets. Wolff Decl. ¶ 8; Wolff Decl., Exh. D. Combs's law firm also has not received an executed Waiver of Service of Summons from Mitchell. Wolff Decl. ¶ 9; Hachenburg Decl. ¶ 5.

Such efforts to serve the Individual Defendants are clearly reasonable. *See Nat'l Union Fire Ins. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990) (finding that the plaintiff "made reasonable efforts to effect service" after it hired a process server and another company to locate the defendant and personally serve him, albeit to no success); *Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 428-29 (E.D.N.Y. 2012) (finding "good cause present" when the "[p]laintiff made extensive inquiries as to the[ defendants'] locations, including hiring a number

---

[1] Combs's attorney says that the private investigator identified "275 NW 8th St Apt. 302, Miami, FL 33136" as a potential address for Mitchell, Wolff Decl. ¶ 6, but the attorney's paralegal states that she mailed the Waiver of Service of Summons to Mitchell at "75 NW 8th St., Apt. 302, Miami, FL 33136," Luevanos Decl. ¶ 4. Even if the difference between the two addresses is not a typo, Combs still has shown good cause for his failure to serve Mitchell, given the hiring of a private investigator and a process service company, the multiple attempts at personal service, and the mailing of the Waiver of Service of Summons to at least two potential addresses. *See U.S. S.E.C. v. Shehyn*, No. 04 Civ. 2003 (MBM), 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005) ("This court's conclusion that the [plaintiff] has demonstrated 'good cause' is reinforced by numerous cases that have found 'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern.").

of investigators to assist with the process," and collecting cases); *Coleman v. Cranberry Baye Rental Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (finding good cause where the plaintiff made "extensive efforts to locate [the defendant] for service," including contacting a private investigator and unsuccessfully attempting to serve the defendant at three different addresses). There is also no indication that the Individual Defendants have been prejudiced by the delay, because their "defense will not in the least be disadvantaged by [their] late entry into the matter." *Eng v. Scully*, No. 84 Civ. 5056 (MJL), 1989 WL 63035, at *2 (S.D.N.Y. June 2, 1989); *see also Nat'l Union Fire Ins.*, 130 F.R.D. at 294 ("[P]rejudice under Rule 4(j) involves impairment of the defendant's ability to defend on the merits, rather than merely foregoing such a procedural or technical advantage.").

Accordingly, the Court grants Combs's motion and extends the deadline to effect service on the Individual Defendants to July 28, 2025. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 29.

SO ORDERED.

Dated: April 28, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge