

**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.603.6437 tel
212.489.8340 fax

lizmcnamara@dwt.com

May 14, 2025

The Honorable John P. Cronan
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Combs v. Burgess et al.*, No. 1:25-cv-00650-JPC (S.D.N.Y.)

Dear Judge Cronan:

      We represent Defendant Nexstar Media Inc. ("Nexstar") in the above-referenced action. Pursuant to Paragraph 6.A of the Court's Individual Rules, we submit this pre-motion letter notifying the Court of Nexstar's anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and New York's anti-SLAPP law, N.Y. Civ. Rights Law §§ 70-a, 76-a (the "Anti-SLAPP Law"), and to propose a briefing schedule for that motion.[1]

      Plaintiff Sean Combs is currently on trial in this Court before Judge Subramanian, facing charges including sex trafficking and racketeering. *United States v. Combs*, No. 24-cr-542. On January 22, 2025, Plaintiff sued Nexstar and two individuals (the "Individual Defendants") for defamation, ECF No. 1, with the operative Corrected Complaint filed on February 3, 2025, ECF No. 16 ("Compl.").[2] The Complaint challenges statements made in three segments aired by Nexstar's NewsNation network in September and October 2024, in which NewsNation anchors interviewed the Individual Defendants—a grand-jury witness in Plaintiff's criminal case and an attorney representing civil plaintiffs in sexual assault claims against Plaintiff—in connection with reporting about Plaintiff's ongoing criminal and civil legal proceedings. Compl. ¶¶ 27, 29, 40, 43.

      Nexstar intends to file a motion to dismiss under Rule 12(b)(6) and the New York anti-SLAPP law, N.Y. Civ. Rights Law §§ 70-a, 76-a (the "Anti-SLAPP Law"), because the Complaint fails to state a claim against it, and to seek a mandatory award of attorney's fees and costs under the Anti-SLAPP Law should it prevail on the motion. *See Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 184-85 (S.D.N.Y. Nov. 26, 2024) (awarding fees, holding that claims dismissed under Rule 12(b)(6) are necessarily "without substantial basis in fact and law" under the Anti-SLAPP Law).[3]

---

[1] Defendants previously advised Plaintiff of their anticipated motion to dismiss and anti-SLAPP motion in a letter dated April 25, 2025, which outlined the same arguments described here.

[2] The Individual Defendants, Ariel Mitchell and Courtney Burgess, are not represented by undersigned counsel and, per the docket, have not yet been served. *See* ECF No. 34 (granting  motion to extend time for service).

[3] As recent opinions in this Court have found, the Anti-SLAPP Law and its fee-shifting provision apply as a matter of New York substantive law to federal courts sitting in diversity. *See, e.g.*, *1st Amend. Praetorian v. N.Y. Times Co.*,

May 14, 2025
Page 2

Plaintiff's defamation claim against Nexstar fails as a matter of law for several independent reasons.[4] *First*, he does not and cannot show that Nexstar published any statement at issue with "actual malice," as he must—both because he is a public figure, and because the Anti-SLAPP Law requires it. *See Bobulinski*, 758 F. Supp. 3d at 177 (the Anti-SLAPP Law "applies the actual malice standard" to all statements about an issue of public interest); *see also N.Y. Times v. Sullivan*, 376 U.S. 254, 280 (1964). The statements at issue refer to allegations raised in Plaintiff's ongoing criminal and civil litigations about sexual assault and activities taking place at Plaintiff's "freak-off" parties, which are featured in the indictment and were a subject of widespread reporting. While Plaintiff may dispute these allegations in the underlying proceedings, he cannot possibly show that Nexstar knew these widely reported and pending, still-unadjudicated allegations were false at the time of reporting. *See Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) (actual malice standard looks solely at defendant's state of mind "at the time of publication"); *accord, e.g.*, *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir. 2015).

None of the Complaint's theories of fault—*i.e.*, that NewsNation did not "investigate" further, "fact check" statements by Mitchell and Burgess, or seek comment from Plaintiff's representatives, *see* Compl. ¶¶ 6, 42, 48, 58—are sufficient to show actual malice as a matter of law. It is well established that "failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient." *Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 688 (1989); *accord, e.g.*, *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 124-26 (2d Cir. 2013); *McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020). Nor is a publisher required to seek comment from the plaintiff before publication. *See, e.g.*, *Davis v. Costa-Gavras*, 654 F. Supp. 653, 657 (S.D.N.Y. 1987) ("failure to consult plaintiff personally" before publication does not constitute actual malice); *Loeb v. New Times Commc'ns Corp.*, 497 F. Supp. 85, 92-93 (S.D.N.Y. 1980) ("failure to verify statements with the plaintiff" does not constitute actual malice). And even if a publisher *does* seek comment and receives a denial, "[p]ublication in the face of a denial by plaintiffs of a statement's truth does not demonstrate actual malice." *Contemp. Mission, Inc. v. N.Y. Times Co.*, 665 F. Supp. 248, 270 (S.D.N.Y. 1987), *aff'd*, 842 F.2d 612 (2d Cir. 1988).

Not only do the Complaint's allegations fall short of pleading actual malice, they show a *lack* of actual malice. The Individual Defendants were not "anonymous" nor "unverified" sources,

---

No. 23-cv-12, 2025 WL 949575, at *7-8 (S.D.N.Y. Mar. 28, 2025); *Bobulinski*, 758 F. Supp. 3d at 182-89. The Anti-SLAPP Law applies to Plaintiff's claim against Nexstar because the broadcasts at issue are plainly "communication[s] in a place open to the public or a public forum in connection with an issue of public interest," as well as "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a).

[4] Nexstar may raise additional grounds in its anticipated motion based on Plaintiff's criminal trial. For example, if Plaintiff is convicted, Nexstar may seek dismissal based on substantial truth and/or because Plaintiff is "defamation-proof" with respect to these allegations. *See, e.g., Tagliaferri v. Szulik*, No. 15-cv-2685, 2016 WL 3023327, at *3 (S.D.N.Y. May 25, 2016) (granting motion to dismiss, finding plaintiff "defamation-proof" with respect to accusations of conduct "identical in nature to the crimes underlying [his] convictions"); *Guccione v. Hustler Mag., Inc.*, 800 F.2d 298, 303 (2d Cir. 1986) ("[W]here an allegedly libelous statement cannot realistically cause impairment of reputation because the person's reputation is already so low or because the true portions of a statement have such damaging effects, even nominal damages are not to be awarded.").

May 14, 2025
Page 3

*see St. Amant v. Thompson*, 390 U.S. 727, 732 (1968), but known to be involved in court proceedings involving Plaintiff. Each spoke on the record and was interviewed by press on this topic before appearing on NewsNation. *See* Compl. ¶¶ 28, 43. Their statements were consistent with pending civil claims as well as the criminal indictment against Mr. Combs. NewsNation hosts posed follow-up questions to the Individual Defendants, including about the basis for their knowledge, and the Individual Defendants repeatedly confirmed they had evidence to support their claims. *See, e.g.*, Compl. ¶¶ 32, 34, 39, 46. For these reasons, the Complaint does not and cannot plausibly plead actual malice by Nexstar.

**Second**, Nexstar's reporting is protected by New York's robust fair-report privilege, which grants absolute immunity for "fair and true report[s] of any judicial proceeding . . . or other official proceeding." N.Y. Civ. Rights Law § 74. The privilege is construed "liberal[ly]" and protects statements that are "substantially accurate," *i.e.*, that do "not produce a different effect on a reader than would a report containing the precise truth." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 93 (2d Cir. 2017) (citation omitted). The fair-report privilege covers not only summaries of pleadings but also "the release of background material with regard to the case," *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 172 (S.D.N.Y. 2021) (citation omitted), information derived from "secondary sources" about the proceeding, *Cholowsky v. Civiletti*, 69 A.D.3d 110, 115 (2d Dep't 2009), and "statements made by those connected to the suit." *Daleiden v. Planned Parenthood Fed'n of Am.*, 2022 WL 1013982, at *2 (2d Cir. Apr. 5, 2022).

Here, Nexstar interviewed a lawyer involved in civil claims against Plaintiff and a grand-jury witness in Plaintiff's criminal case, both speaking about allegations raised in those proceedings. These are all reports of "official proceedings" under Section 74. *See Freeze Right Refrigeration & Air Conditioning Servs. v. City of New York*, 101 A.D.2d 175, 182 (1st Dep't 1984) (privilege covers reports of both "ongoing investigation[s]" and "completed investigation[s]," and "the activities of the agency need not be public for the statutory privilege to apply"). And their "effect on the reader" is no different from the underlying proceedings, which include allegations of sex abuse, sex trafficking, and recording of sexual and/or violent content. Accordingly, the fair report privilege provides an independent ground for dismissal.

Pursuant to Paragraph 6.A of the Court's Individual Rules, the parties jointly propose the following briefing schedule, which is intended to accommodate Plaintiff's criminal trial (expected to run through mid-July): (1) Plaintiff's Response to this pre-motion letter: May 21, 2025; (2) Nexstar's Motion to Dismiss: July 22, 2025; (3) Plaintiff's Opposition: August 19, 2025; and (4) Nexstar's Reply: September 9, 2025.

Sincerely,

Davis Wright Tremaine LLP

Elizabeth A. McNamara