**SHER TREMONTE LLP**

July 10, 2025

**BY ECF AND EMAIL**
The Honorable John P. Cronan
U.S. District Court , Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

                Re:     *Combs v. Burgess et al.*, No. 25-cv-650 (S.D.N.Y.)

Dear Judge Cronon:

      We write on behalf of the Plaintiff Sean Combs ("Mr. Combs") in the above-referenced action. Pursuant to Paragraph 6.A of the Court's Individual Rules, we submit this response to Defendant Ariel Mitchell ("Mitchell")'s pre-motion letter which notified the Court of Mitchell's anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 45. Mitchell's anticipated motion rests on the fundamentally flawed premise that because Mitchell is a lawyer and because the Plaintiff is a public figure, Mitchell can broadcast salacious lies about him on national television with impunity. That is not the law and Mitchell's anticipated motion will fail.

                *Background*

      This lawsuit arises from Mitchell's unsubstantiated, false, and heinous accusations about secretly recorded videos evidencing minors being sexually assaulted, and about a police report supposedly corroborating horrific allegations of rape. Complaint ¶¶ 21,38-41,43, & 47. Mitchell does not seriously contend that the statements she published about Mr. Combs were true (nor could she). Instead, she argues (incorrectly) that (1) Mr. Combs's defamation claim should be dismissed under Rule 12(b)(6) because the Complaint does not plead actual malice or damage; and that (2) her statements on national television are protected by a common law qualified privilege and/or New York's Fair Report Privilege pursuant to New York Civil Rights Law § 74. Mitchell's arguments are flawed and should be rejected.

                *The Complaint Adequately Pleads Actual Malice*

      To survive a motion to dismiss a defamation claim, a public figure must plead that the challenged statement was made with "actual malice," that is, "with knowledge that it was false or with reckless disregard of whether it was false or not." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (internal quotation marks omitted). Actual malice may be pled when the allegations in the complaint give rise to a plausible inference "that the defendant in fact entertained serious doubts as to the truth of [her] publication." *Id.* at 815-16 & n. 39 (internal citation and quotation marks omitted). The Court can infer actual malice from the relevant facts and circumstances, including "the dubious nature of [the defendant's] sources" and "the inherent improbability of the story [among] other circumstantial evidence[.]" *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 183 (2d Cir. 2000). The allegations in the Complaint meet this threshold.

Hon. John P. Cronon                                                                                                               July 10, 2025
Page 2 of 3

      Numerous allegations give rise to a plausible inference that Mitchell, in her efforts to garner media attention and promote herself, knew or recklessly disregarded the falsity of the statements she made. Mitchell, an attorney who demands luxury accommodations and "material[] fee[s]" in exchange for giving interviews about celebrities on TV, told NewsNation that she and one of her clients "have a police report . . . that was made in 2018" corroborating rape allegations against Mr. Combs. Compl. ¶¶ 30, 38-40. This statement was false and Mitchell knew it was false because she never possessed a report corroborating her client's claim against Mr. Combs (a Black man). *Id.* ¶¶ 39-41. To the contrary, a 2018 police report by that client alleged that she was raped by two *white* men. *See Parham et. al. v. Combs, et. al.*, Case No. 3:24-CV-07191-RFL, ECF No. 38 at pp. 8, 11-12 (May 9, 2025). Allegations about Mitchell's behavior, *see, e.g., id.* ¶¶ 25-30, also provides circumstantial evidence to create a plausible inference that she had an ulterior motive to spread salacious lies. *See Palin*, 940 F.3d at 813 (actual malice sufficiently pled where allegations gave rise to plausible inference that defendant's story was "pre-determined").

      In her pre-motion letter, Mitchell argues she did not act with actual malice in falsely reporting the existence of videos depicting Mr. Combs sexually assaulting/secretly recording minors and celebrities because she merely repeated the lies of her client, Defendant Courtney Burgess. But the allegations in the Complaint demonstrate that Mitchell knew or should have known Burgess was utterly unreliable. Burgess is a "fringe character," who despite claiming to have worked in the music industry for decades, has no public record of any notable contributions to that industry (or any others). Compl. ¶ 17. Moreover, Burgess's story of how he came to possess the videos was implausible on its face: he said that Kim Porter, the late mother of four children with Mr. Combs, provided Burgess – a complete stranger – with a flash drive containing her personal memoir and videos of Mr. Combs sexually assaulting minors. *Id.* ¶¶ 16-18. *See, e.g., Goldfarb v. Channel One Russia*, 663 F. Supp. 3d 280 (S.D.N.Y. 2023) (defamation claims survived where challenged statements were "inherently improbable").

      Burgess and Mitchell's obvious agendas, history of fabrications, and facially implausible explanations for how they came to possess the purported evidence they invoked – give rise to a plausible inference that Mitchell, in a bid to gain fame and profit, recklessly disregarded the truth. *See Palin*, 940 F.3d at 814-15, 17 ("At the pleading stage, . . . [plaintiff's] only obstacle is the plausibility standard of *Twombly* and *Iqbal*.").

### *New York's Fair Report Privilege Does Not Apply to Mitchell's Statements*

      Mitchell cannot escape liability by invoking New York's Fair Report Privilege. New York's Fair Report Privilege applies to the publication of a fair and true report of a judicial proceeding, where the substance of the statement is substantially accurate. N.Y. Civil Rights Law § 74; *see also Friedman v. Bloomberg L.P.*, 884 F.3d 83, 93 (2d Cir. 2017). The contested statement must be "connected to a judicial proceeding," *Wenz v. Becker*, 948 F.Supp. 319, 322 (S.D.N.Y. 1996), such that "the ordinary viewer [can] determine whether defendant was reporting." *Id.* at 323. Discussions of nonexistent tapes involving nonconsenting minors/celebrities are not fair and true reports of any judicial proceeding. Likewise, is it not "fair and true" to say, as Mitchell did, that a police report corroborated claims that Mitchell's other client was raped by Mr. Combs when, to the contrary, the report describes how she was tragically assaulted by two

Hon. John P. Cronon                                                                                              July 10, 2025
Page 3 of 3

*white* men. *See Parham*, Case No. 3:24-CV-07191-RFL, ECF No. 38 at p. 8, 11-12 (May 5, 2025).

### *Mitchell's Statements are Not Protected by a Qualified Privilege*

For similar reasons, Mitchell's statements are not protected by a qualified privilege in anticipation of litigation. The New York Court of Appeals case upon which Mitchell relies, *Front, Inc. v. Khalil*, confirms out of court statements by an attorney are subject only to a qualified (not absolute) privilege that only applies to "statements pertinent to a good faith anticipated litigation" and that "ensures that privilege does not protect attorneys who are seeking to bully, harass, or intimidate client's adversaries by threatening baseless litigation or by asserting wholly unmeritorious claims, unsupported in law and fact, in violation of counsel's ethical obligations." 24 N.Y.3d 713 (2015).

The non-existent videos Mitchell falsely described were not and are still not the subject of any civil or criminal litigation, and she does not (and could not credibly) claim that Burgess intended to bring litigation concerning such tapes. Similarly, the qualified privilege does not protect Mitchell's knowingly false claim that she possessed a police report corroborating rape claims against Mr. Combs (when no such report exists and, in fact, her client's report directly contradicted the rape claims against Mr. Combs) because such statements were "unmeritorious . . . , unsupported in law and fact" and made "to bully, harass, or intimate [Mitchell's] client's adversaries . . . in violation of [her] ethical obligations." *Id.*

### *Combs Sufficiently Pleads Damages*

The Complaint sufficiently pleads damages as a result of Mitchell's demonstrably false, obviously damaging statements. Mr. Combs alleges that Mitchell's heinous accusations of serious crimes reached hundreds of millions of viewers, causing "significant reputational and economic" injury and eliciting "harassing and threatening messages against Mr. Combs." Compl. ¶¶ 62-64. As Mitchell's statements were defamatory *per se*, the Complaint does not need to "to plead special damages because the law presumes the damages will result." *Menaker v. C.D.*, No. 217CV5840DRHAYS, 2018 WL 5776533, at *4 (E.D.N.Y. Nov. 1, 2018) (internal citation omitted). The extent of damage caused by Mitchell's statements is a question properly answered by a jury – not Mitchell's own evaluation of her statements' impact. *See e.g.*, *Horstein v. Gen. Motors Corp.*, 391 F. Supp. 1274, 1278-79 (S.D.N.Y. 1975).

Plaintiff is in agreement with the briefing schedule proposed in Mitchell's Pre-Motion Letter, *i.e.*: (1) Mitchell's Motion to Dismiss: July 18, 2025; (2) Mr. Combs's Opposition: August 22, 2025; and (3) Mitchell's Reply: September 3, 2025.

                                                                  Respectfully submitted,

                                                                  */s/ Erica A. Wolff*

                                                                  Erica A. Wolff
                                                                  Michael Tremonte