

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
212.603.6437 tel
212.489.8340 fax

lizmcnamara@dwt.com

August 19, 2025

The Honorable John P. Cronan
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Combs v. Burgess et al.*, No. 1:25-cv-00650-JPC (S.D.N.Y.)

Dear Judge Cronan:

      We represent Defendant Nexstar Media Inc. ("Nexstar") in the above-referenced action. Pursuant to the Court's August 12, 2025 Order (ECF No. 62), we write to notify the Court that Nexstar intends to withdraw its pending motion to dismiss (ECF No. 55) and to file a renewed motion to dismiss in response to the Amended Complaint.

      Plaintiff's Amended Complaint includes additional factual allegations (many of which concern defendants Burgess and Mitchell, not Nexstar) and identifies a new statement at issue for his claim against Nexstar. But these new allegations do not fix the fundamental legal flaws of the complaint. ***First***, the Complaint still fails to plausibly plead that Nexstar published any challenged statement with actual malice. Allegations that Nexstar should have investigated further before publishing claims by Mitchell and Burgess are not sufficient to show actual malice, particularly when (as here) the challenged statements were consistent with previously filed actions against the Plaintiff and widespread news reports. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) (actual malice "is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing"). Indeed, most amendments concern events that occurred *after* the statements at issue were published, and therefore have no bearing on Nexstar's subjective state of mind as a matter of law. *Bose Corp. v. Consumer Union of U.S., Inc.,* 466 U.S. 485, 512 (1984) (actual malice is measured "at the time of publication").

      ***Second***, Plaintiff's Amended Complaint improperly presents what is plainly nonactionable speculation and subjective opinion by Burgess, Mitchell, and NewsNation hosts as statements of objective fact. (*See* FAC ¶ 86-a, 86-b, 86-d). ***Third,*** the "gist" or "sting" of the statements at issue is substantially true. It is well established—including at Combs's criminal trial—that Combs orchestrated and took part in "freak-offs" that involved drugs, alcohol and sex with a wide range of people, including celebrities, and that many of these events were recorded on video. *See Tannerite Sports, LLC v. NBCUniversal News Grp.,* 864 F.3d 236, 247 (2d Cir. 2017). And ***finally***, statements concerning Burgess's grand-jury testimony are protected by New York's fair-report privilege, N.Y. Civ. Rights Law § 74.

August 19, 2025
Page 2

Further, because the Amended Complaint fails to state a claim against Nexstar, Nexstar intends to seek a mandatory award of attorney's fees and costs under the Anti-SLAPP Law should it prevail on the motion. *See Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 184-85 (S.D.N.Y. Nov. 26, 2024) (awarding fees, holding that claims dismissed under Rule 12(b)(6) are necessarily "without substantial basis in fact and law" under the Anti-SLAPP Law).

Nexstar has conferred with Plaintiff's counsel, and the parties jointly propose the following briefing schedule for Nexstar's motion:

Nexstar's opening brief: **September 19, 2025**
Plaintiff's opposition: **October 17, 2025**
Nexstar's reply: **November 7, 2025**

Respectfully submitted,

Davis Wright Tremaine LLP

Elizabeth A. McNamara