UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :
SEAN COMBS,                                                            :
                                                                       :
                            Plaintiff,                                 :
                                                                       :
            -v-                                                        :          25 Civ. 650 (JPC)
                                                                       :
COURTNEY BURGESS, ARIEL MITCHELL, and                                 :          ORDER
NEXSTAR MEDIA INC.,                                                    :
                                                                       :
                            Defendants.                                :
                                                                       :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On January 22, 2025, Plaintiff Sean Combs initiated this case by filing a Complaint against Nexstar Media, Inc., Courtney Burgess, and Ariel Mitchell. Dkt. 1. After Combs filed a corrected Complaint, Dkt. 16, and an Amended Complaint, Dkt. 61, Nexstar moved to dismiss the Amended Complaint on September 19, 2025, Dkt. 71.[1] The Court then entered a Civil Case Management Plan and Scheduling Order on December 10, 2025. Dkt. 97. Now before the Court is Nexstar's motion for a stay of discovery pending the resolution of its motion to dismiss. Dkt. 98 ("Motion"). For reasons that follow, the Court denies Nexstar's motion for a complete stay of discovery but grants a stay of deposition discovery until resolution of Nexstar's motion to dismiss.

"Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether good cause has been shown, "courts typically consider: (1) whether the [d]efendant[] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk

---

[1] Mitchell also filed a motion to dismiss the Amended Complaint. Dkt. 76. Both Nexstar's and Mitchell's motions to dismiss are pending.

of unfair prejudice to the party opposing the stay." *Palladino v. JPMorgan Chase & Co.*, No. 23 Civ. 1215 (MKB) (JAM), 2024 WL 312522, at *2 (E.D.N.Y. Jan. 26, 2024) (internal quotation marks omitted). "It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (internal quotation marks omitted).

Here, Nexstar has not made a showing that Combs's claim—in its entirety or in part—is patently unmeritorious. Such a showing requires that "the complaint is facially without merit or [that] the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo*, No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023); *see also Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021) (explaining that in ruling on a request to stay discovery, courts avoid "prejudging the motion to dismiss" because "a motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending"). As the Court explained at a December 9, 2025 conference in this matter, Combs's Complaint does not appear to be plainly lacking in merit, and Combs's opposition has cited to several sources of authority that may potentially lead the Court to deny Nexstar's motion to dismiss. *See* Dkt. 101 (transcript of December 9, 2025 conference) at 6-11.

Nexstar also has not demonstrated that the breadth and burden of discovery warrant a stay. "Normal discovery in a limited matter does not alone rise to the level of good cause," *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016), so a party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex. *See Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The defendant's vague and conclusory contentions are not sufficient to establish that the plaintiff's

discovery requests are voluminous and burdensome."). Here, Nexstar argues that discovery would be unduly burdensome mainly because discovery is likely to be burdensome in any libel action. *See* Motion at 2. But this general statement is not sufficiently specific to warrant a stay in this case. *Cf. Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) ("H+H does not describe concretely the nature or volume of the discovery demands that Choudhury has made or that it reasonably expects her to make.").

Finally, although the Court agrees that Combs is unlikely to be prejudiced by a stay of discovery, "lack of prejudice alone does not merit a stay." *Bennett*, 2023 WL 2021560, at *5; *Guiffre*, 2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay.").

The Court will, however, stay deposition discovery until resolution of Nexstar's motion to dismiss. Deposition discovery "tend[s] to generate substantial work and expense, and [is] apt to occur late in the discovery process, by which point it is reasonable to forecast that the Court's decision on the motion to dismiss will have issued or be imminent." *Choudhury*, 2025 WL 2977837, at *5.

For the foregoing reasons, the Court denies Nexstar's request to stay all discovery pending resolution of its motion to dismiss, but grants a stay of deposition discovery pending resolution of that motion. The Court respectfully directs the Clerk of Court to terminate the motion at Docket 98.

SO ORDERED.

Dated: January 27, 2026
   New York, New York

_____
JOHN P. CRONAN
United States District Judge

3