Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.8340 fax

lizmcnamara@dwt.com

April 24, 2026

**VIA ECF**
Hon. John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Courtroom 12D
New York, NY 10007-1312

　　　　　Re:　　*Combs v. Burgess et al.*, No. 1:25-cv-00650-JPC

Dear Judge Cronan:

We represent Defendant Nexstar Media Inc. ("Nexstar") in the above-referenced action. Pursuant to Paragraph 1(A) of this Court's Individual Practices in Civil Cases, we write to respectfully bring to the Court's attention the recent decision by the Supreme Court of the State of New York, County of New York in *Combs v. NBCUniversal Media, LLC, et al.*, Index No. 151935/2025 (Apr. 20, 2026) ("*Combs v. NBCUniversal*"), attached as Exhibit A, dismissing claims brought by Plaintiff Sean Combs ("Combs") against NBCUniversal and related entities on the basis of a publication similar to those at issue in this action.[1] This decision, though not binding on this Court, is relevant to this Court's consideration of Defendant Nexstar's Motion to Dismiss the First Amended Complaint (Dkt. 71).

*Combs v. NBCUniversal* concerned the publication of a documentary called *Diddy: The Making of a Bad Boy* (the "Documentary"), released in January 2025. In that suit, Combs (represented by the same counsel as in this matter) alleged that he was defamed by (1) statements in the Documentary that "endorse[d] the false assertion" that Combs murdered or attempted to murder various individuals; (2) "an interviewee's allegation that [Combs] had sex with and trafficked underage girls"; and (3) "statements made by Courtney Burgess's lawyer[] [Ariel Mitchell] claim[ing] that Mr. Burgess was in possession of sex tapes secretly recorded by [Combs]." Ex. A at 2-3. The second and third of these categories of allegedly defamatory statements overlap directly with Challenged Statements 1 and 2 from the October 31, 2024 Report in this case, in which Mitchell and Burgess were interviewed following Burgess's grand-jury testimony about the sex tapes—and Burgess observed that the celebrities in those tapes "appeared to be either inebriated or intoxicated or under the influence of drugs," and "two to three" of them

---

[1] To provide context to the Decision and Order, the operative Amended Complaint from *Combs v. NBCUniversal* is attached as Exhibit B.

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. John P. Cronan
April 24, 2026
Page 2

"seemed to be potentially minors."[2]  *See also* FAC ¶ 71 (alleging that Mitchell "repeated" the same challenged statements from her October 31, 2024 NewsNation interview in the Documentary).  As in this case, Combs alleged in *Combs v. NBCUniversal* that the sex tapes described by Burgess did not exist, and claimed the Documentary's producers and distributors acted with actual malice because Burgess's account concerning the sex tapes were "implausible" and Mitchell was "unreliable."  *Compare* Ex. B (*Combs v. NBCUniversal* Amended Complaint) ¶¶ 84-97, *with* FAC ¶¶ 22, 23, 32-39, 63-70.

The trial court dismissed Combs's suit in its entirety.  The court agreed with the defendants that the Amended Complaint failed to allege gross irresponsibility (a lower standard than actual malice),[3] Ex. A at 5-9, noting, *inter alia*, that Documentary had included denials by Combs and by Kim Porter's children, and that Mitchell was identified as a civil litigator who had filed sexual assault cases against Plaintiff, thus alerting viewers that she was "a legal adversary with interests that run directly counter to [Combs]."  *Id.* at 7.  The court further held that Combs was a libel-proof plaintiff who could not show reputational harm under New York law, *id.* at 9-10, finding it "inconceivable" that "the Documentary created additional damage to Plaintiff's reputation, which was already tarnished by the numerous lawsuits, domestic violence video, press coverage, and a criminal indictment prior to the Documentary's publication."  *Id.* at 10.  Finally, the court found that New York's fair-report privilege protected statements about lawsuits that accused Combs of "retaining sex tapes without authorization," "using those sex tapes to extort or control others," and "ha[ving] sex with minors."  *Id.* at 10-11.

Defendant Nexstar respectfully asks that the Court take the decision in *Combs v. NBCUniversal* under advisement in its consideration of Nexstar's pending Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara

cc:  Counsel of Record via ECF

---

[2] **Challenged Statement 1**:"That there existed video recordings of Plaintiff sexually assaulting minors and celebrities." FAC ¶ 86(a); *see also* Dkt. 72 at 9; Dkt. 82 at 9.

**Challenged Statement 2**: "That Plaintiff secretly recorded himself having sex with people who did not know they were being recorded." FAC ¶ 86(b); *see also* Dkt. 72 at 9; Dkt. 82 at 13.

[3] The court recognized that Combs is "obviously not a private plaintiff" but noted that because Combs failed to allege gross irresponsibility, "he *de facto* fails to meet the higher burden of alleging actual malice."  Ex. A at 5 n.2.