**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SEAN COMBS,

                                        Plaintiff,

        -against-

COURTNEY BURGESS, ARIEL MITCHELL,
and NEXSTAR MEDIA INC.,

                                        Defendants.

---

No. 25-cv-650

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

John P. Cronan, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) governing material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS Plaintiff's search for potentially responsive discovery is ongoing and it is not yet known whether information or documents discoverable in this case are subject to that certain Protective Order entered on October 7, 2024 in the matter *United States v. Sean Combs*, 24 Cr. 542 (AS) (S.D.N.Y.) (the "Criminal Case"), ECF No. 26 (the "Original Criminal Protective Order"), as amended thereafter by that certain Addendum to Protective Order entered on February 20, 2025, 24 Cr. 542 (AS), ECF No. 156 (the "First Addendum"), and that certain Second Addendum to Protective Order entered on November 24, 2025, 24 Cr. 542 (AS), ECF No. 550 (the "Second Addendum"), and as may be amended thereafter (collectively, the "Criminal Protective Order"), annexed as Exhibit A hereto;

1

WHEREAS, subject to the foregoing, it is possible that certain material that may be exchanged pursuant to and during the course of discovery in this case ("Discovery Material") may be subject to the Criminal Protective Order;[1]

WHEREAS subject to the foregoing, certain material that may be exchanged pursuant to and during the course of discovery in this case may have been designated pursuant to the Criminal Protective Order as "Sealed Material," "Attorney's Possession Only ('APO') Material," "Attorney's Eyes Only ('AEO') Material" (together, "Criminal Protective Order Material");

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order may not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, except as otherwise set forth in this Protective Order and, to the extent incorporated herein, by the Criminal Protective Order, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, this Court finds good cause for issuance of an appropriately tailored protective order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or

---

[1]    Nothing herein constitutes an admission by any party that any particular material is subject to discovery or admissible in this case. The parties expressly reserve all objections as to discoverability and admissibility as set forth in their respective responses and objections to discovery demands.

2

constructive notice of this Protective Order—shall not use Discovery Material for any purpose other than to prosecute and/or defend the claims in this action and shall adhere to the following terms:

### Confidential Material and Criminal Protective Order Material

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material designated as "Confidential Material" (as defined below) or Criminal Protective Order Material shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. To the extent Discovery Material has not been designated as Criminal Protective Order Material, any Party or third party producing information or documents (the "Producing Party") may designate as "Confidential Material" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes:

(a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order;

(b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of the Producing Party's operations or business or the business of any of the Producing Party's customers or clients;

(c) sensitive personally identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses;

(d) unpublished newsgathering material;

(e) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law;

(f) information concerning sexual conduct, sexual assault, audio or video recordings of an intimate nature, or photographs or images of an intimate nature; or

(g) any other category of information hereinafter given confidential status by the Court.

3.      Material that may be designated Confidential Material includes but is not limited to: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

4.      The protections conferred on Confidential Material and/or Criminal Protective Order Material by this Protective Order do not cover the following: (1) any information that is in the public domain at the time of disclosure to a receiving person or that becomes part of the public domain after its disclosure to a receiving person as a result of publication not involving a violation of this Protective Order, including by becoming part of the public record through trial, hearings in this action, or otherwise (in compliance with this Protective Order); (2) any information in the possession of the receiving person prior to the disclosure or obtained by the receiving person after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; (3) any information which is not

designated as Confidential Material or Criminal Protective Order Material; or (4) any information that the Parties agree, or the Court rules, is in the public domain or de-designates from Confidential status. If a document or information is removed from "Confidential" status, the Producing Party shall notify all Parties in writing and re-produce the document or information without the "Confidential" designation.

**<u>Designation of Confidential Material and Criminal Protective Order Material</u>**

5.      Other than deposition transcripts and exhibits, the Producing Party shall designate Confidential Material by stamping or otherwise clearly marking that Discovery Material with the legend "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

6.      Other than deposition transcripts and exhibits, Plaintiff shall stamp or otherwise clearly mark any Discovery Material that was designated as Criminal Protective Order Material in the Criminal Case using the legend "Attorney's Possession Only (APO) / SEALED MATERIAL – SUBJECT TO CRIMINAL PROTECTIVE ORDER" or "Attorney's Eyes Only (AEO) / SEALED MATERIAL– SUBJECT TO CRIMINAL PROTECTIVE ORDER," as appropriate (consistent with Paragraphs 3 and 4 of the Original Criminal Protective Order), in a manner that will not interfere with legibility or audibility.

7.      With respect to deposition transcripts, a Producing Party or that person's counsel may designate such portion as Confidential Material or Criminal Protective Order Material either by (a) indicating on the record during the deposition that a question calls for Confidential information or information designated as Criminal Protective Order Material (as the case may be), in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order," "APO (Sealed) Information Governed by Criminal Protective Order," or

"AEO (Sealed) Information Governed by Criminal Protective Order" (as appropriate); or (b) notifying the reporter and all counsel of record, in writing, within 30 days after deponent's receipt of the official transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential (as the case may be), in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing Party or that party's counsel. To allow for such designations, during the 30-day period following the deponent's receipt of the official transcript, the entire deposition transcript shall be treated as Confidential, and any deposition exhibits that consist of Criminal Protective Order Material (and any portions of deposition testimony discussing such exhibits) shall be treated in accordance with the terms of the Criminal Protective Order.

### Use of Criminal Protective Order Material

8.     All Criminal Protective Order Material produced in this action shall be treated in accordance with the terms of the Criminal Protective Order.  For the avoidance of doubt, Criminal Protective Order Material identified as APO Material pursuant to Paragraph 6 above shall be treated in accordance with Paragraph 7 of the Original Criminal Protective Order, and Criminal Protective Order Material identified as AEO Material pursuant to Paragraph 6 above shall be treated in accordance with Paragraph 8 of the Original Criminal Protective Order.  In the event there is found to be any inconsistency between the terms of this Protective Order and the terms of the Criminal Protective Order as to material designated in the Criminal Case and produced in this action, the terms of the Criminal Protective Order shall govern.

**Use of Confidential Material**

9.      Confidential Material may be used only for purposes of this action and shall not be disclosed by the Party receiving such material ("Receiving Party") to any persons other than those listed in Paragraph 10 herein, except by prior written agreement of the Producing Party or by order of the Court.  Any person receiving Confidential Material shall use reasonable measures to prevent unauthorized disclosure of such material.  Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

10.      In the absence of an order of the Court or by agreement of the Producing Party, Confidential Material may be disclosed or made available only to the following persons:

(a) The named parties to this Action, persons granted power of attorney over such named parties, and attorneys working on behalf of any party, including both outside counsel and in-house attorneys, as well as any paralegals, staff, stenographic, and clerical employees and contractors working on this Action under the direct supervision of such counsel, including but not limited to any electronic discovery vendors;

(b) Any expert or consultant expressly retained by any attorney described in Paragraph 10(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

(c) Any deponent:  (i) if it appears that the deponent authored or received a copy of the Confidential Material; (ii) if the deponent is employed by the Producing Party; or (iii) if the Producing Party consents to such disclosure;

(d) Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

7

(e) The Court and its personnel (including, for example, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

(f) Any other person whom the Producing Party agrees in writing may have access to such Confidential Material.

11.    Persons to whom Confidential Material is disclosed per Paragraph 10 shall be informed, prior to being shown Confidential Material, that he/she (i) is being shown such materials solely for use in this action and (ii) shall not retain any Confidential Material after the termination of this action.

12.    Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 10(b), (c), (d) or (e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit B hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Counsel shall produce a copy of any executed Non-Disclosure Agreement to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first, except that counsel need not produce a Nondisclosure Agreement executed by any expert or consultant retained only for consulting purposes.  Counsel shall retain copies of any signed Non-Disclosure Agreement until the completion of this action and the return or destruction of Confidential Material in accordance with Paragraph 23 herein.  Inadvertent failure to provide the Non-Disclosure Agreement to any individual shall not be deemed a material breach of this Protective Order and shall be remedied immediately upon discovery.

13.     If the Receiving Party is required by law to disclose any Confidential Material, it will immediately notify the Producing Party in order to permit the Producing Party to seek a protective order or take other appropriate action.  The Receiving Party will cooperate in the Producing Party's efforts to obtain a protective order or other assurance that the Confidential Material will remain confidential.  If, in the absence of a protective or other order prohibiting disclosure, the Receiving Party, in the written opinion of its legal counsel, is advised in good faith to disclose the Confidential Material, it may disclose only the part of such material its legal counsel advises to be disclosed.

**Objections to Confidentiality Designations**

14.     With the exception of designations previously made during the Criminal Case pursuant to the Criminal Protective Order, which are not subject to challenge in this action, any Party who objects to any designation of confidentiality at any stage of this action shall serve upon the Producing Party a written notice stating with particularity the grounds of the objection. The Producing Party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Discovery Material is properly designated.  If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void.  If a timely written response to the objection is made, counsel for the Parties shall first try to resolve the dispute in good faith by meeting and conferring. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

**Filing and Use in Court of Confidential Material and Criminal Protective Order Material**

15.     Any Party that intends to use at trial or as part of a letter, motion, or deposition, portions of a document designated as "Confidential" that do not contain Confidential Material (provided those portions are reasonably separable from the Confidential portions) may request that the Producing Party provide a redacted version of that document that redacts only those portions of the document containing Confidential Material and the Producing Party shall promptly comply with such a request.

16.     A Party may not file in the public record in this action any information, documents, or material designated as Confidential Material or Criminal Protective Order Material without written permission from the Producing Party or as ordered by the Court.  A Party that seeks to file any information, documents, or material designated Confidential Material or Criminal Protective Order Material must seek to leave to do so under seal and must comply with Section 6 of the SDNY Electronic Case Filing Rules & Instruction, Rule 4 of the Individual Practices in Civil Cases of Judge John P. Cronan, and with the Southern District of New York's September 24, 2025 Notice and Standing Order regarding sealed documents, and any other applicable federal or local rules regarding the filing of materials under seal.

17.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Material or Criminal Protective Order Material itself, and not text that in no material way reveals the Confidential Material or Criminal Protective Order Material.

18.     Any Personally Identifiable Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and similar information that could be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information

10

and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.

## Notice of Breach

19.     If Confidential Discovery Material, Sealed Material, APO Material, or AEO Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or Party responsible for the unauthorized disclosure must, within five (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the relevant material from the unauthorized recipient.

## Clawback of Confidential Material and Privileged Information

20.     If at any time prior to the termination of this action, a Producing Party realizes that it has produced Confidential Material without designating it as such, that Producing Party may designate such material as "Confidential" by promptly notifying the Parties in writing.  The notification must designate the material as "Confidential" according to the terms of this Protective Order.  Such material will thereafter be treated as Confidential Material under the terms of this Protective Order.  In addition, the Producing Party shall provide the Parties with properly designated replacement versions of such Confidential Material within ten (10) business days of providing such notice.

21.     The inadvertent production in this action of any document or electronically stored information that is subject to attorney-client privilege, work product protection, or any other applicable privilege, shall not constitute a waiver of such privilege. If a receiving Party becomes aware that it has received privileged material, the receiving Party shall immediately notify the Producing Party in writing, shall not review, use, or disclose the privileged material, and shall promptly return or destroy all copies of the privileged material, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days, return or destroy all copies of the inadvertently disclosed information, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed. This Protective Order is intended to implement the procedures of Federal Rule of Evidence 502(d) and (e).

### Termination of the Action

22.     This Protective Order shall survive the termination of this action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

23.     Within sixty (60) days after the final disposition of this action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and Criminal Protective Order Material, and all copies thereof, shall be promptly returned to the Producing Party, or destroyed to the extent permitted or required by the Criminal Protective Order.  At the conclusion of this sixty-day period, counsel for each receiving person shall provide to counsel for the Producing Party a certification stating that, to counsel's knowledge and belief, the receiving person has either returned or made commercially reasonable efforts to destroy all Confidential Discovery Material with the exception of those that (i)

constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Protective Order with respect to such retained material.

24.     This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## Other Provisions

25.     This Protective Order may be changed only by agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Protective Order by application to the Court on notice to counsel for the other Party.

26.     The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this order, which shall remain in full force and effect.

SO STIPULATED AND AGREED.

/s/ Erica A. Wolff                                          Dated: May 6, 2026
Erica A. Wolff
Michael Tremonte
Katie Renzler
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
ewolff@shertremonte.com
mtremonte@shertremonte.com
krenzler@shertremonte.com

*Counsel for Plaintiff Sean Combs*

_/s/ Elizabeth A. McNamara_                          Dated: May 6, 2026
Elizabeth A. McNamara
Alison Schary
Mary E. Goetz
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
lizmcnamara@dwt.com

_Counsel for Defendant Nexstar Media Inc._

_/s/ Steven A. Metcalf II_                           Dated: May 6, 2026
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
Tel: (646) 253-0514
metcalflawnyc@gmail.com

_Counsel for Defendant Ariel Mitchell_

SO ORDERED

Dated: New York, NY

_____, \_\_\_\_

_____
JOHN P. CRONAN
United States District Judge

**<u>EXHIBIT A</u>**

[Criminal Protective Order (Incl. Addendums)]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **24 Cr. 542 (AS)** |
| SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br>                    *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby

finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of

documents, objects and information, including electronically stored information ("ESI"), as a

courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "Disclosure Material." The Government's

Disclosure Material may include material that (i) affects the privacy and confidentiality of

individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation

of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;

(iv) may be produced with more limited redactions than would otherwise be necessary; and (v)

2023.11.26

that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to defense counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defense counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2

2023.11.26

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendant's appellate rights, involving the charges in the above-captioned case. The defense shall not post any Disclosure Material that is not publicly available on the docket in the above-captioned case on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material may be disclosed by defense counsel to:

a. The defendant, who may only review such material in the presence of Bureau of Prisons ("BOP") or law enforcement personnel, defense counsel, or any personnel for whose conduct defense counsel is responsible;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action, provided that defense counsel has reviewed this Order with such prospective witness and that such prospective witness has been provided with a copy of this Order and has signed and dated Attachment A to this Order, without further order of the Court, upon obtaining the signature on Attachment A of the prospective witness (and the prospective witness's counsel, if Sealed Material is disclosed to or discussed with such counsel), and provided that neither the prospective witness nor any counsel

3

2023.11.26

for the prospective witness is permitted to review, handle, or otherwise possess any Sealed Material outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible.[1] Each time a prospective witness or their counsel signs and dates Attachment A, defense counsel will promptly file Attachment A under seal and *ex parte* with the Court. In the event either party wishes to attach any portion of the Sealed Material to public filings made with the Court, defense counsel and/or the Government must either: (1) file the Sealed Material under seal and indicate to the Court their position with regard to whether the Sealed Material should remain under seal, such that the Government or defense counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Sealed Material should remain sealed; or (2) confer with the opposing party as to whether the Sealed Material should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

---

[1] Personal identifying information of victims (names, contact information, dates of birth, other PII, etc.) shall be redacted from any materials to be shared with personnel and prospective witnesses pursuant to this paragraph.

4

2023.11.26

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.  All visual depictions, including any photograph, film, video, picture, or image, of sexually explicit conduct or nudity, will be designated as AEO regardless of whether it has been designated as such by the Government.[2]  At the discretion of the Government, certain AEO Material depicting sexually explicit conduct or nudity may be made available for in-person inspection only.[3]

### Other Provisions

9.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1, this District's Local Rules, this District's ECF Privacy Policy,[4] and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after

---

[2] This provision is limited as follows: such material located on the defendant's devices or cloud accounts shall be designated as "APO," which the defendant may view under the following agreed upon conditions: (1) the material is viewed by the defendant in the presence of defense counsel, (2) on a device approved by the Government, (3) in an approved private room in the jail facility or other facility approved by the Government, and (4) defense counsel ensures that such material will be not be accessible or viewable by incarcerated individuals other than the defendant, visitors, or others who are not part of the defense.

[3] ███████████████████████████████████████████████████████████, these materials will be made available for inspection only and not electronically produced. The defendant may view ████████ in the presence of defense counsel at the Daniel Patrick Moynihan Courthouse, while monitored by law enforcement officials.

[4] Accessible at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

5

2023.11.26

which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Disclosure Material in advance of such disclosure. All such persons shall be subject to the terms of this Order if they review such material. Defense counsel shall maintain a record of what information has been disclosed to which such persons, consistent with Paragraph 6(c) above.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

2023.11.26

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: October 4, 2024
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys

_____     Date: October 4, 2024
Marc Agnifilo, Esq.
Teny Geragos, Esq.
Counsel for Sean Combs

SO ORDERED:

Dated: New York, New York
       October  7 , 2024

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

2023.11.26

**Attachment A to Protective Order**
**United States v. Combs, 24 Cr. 542 (AS)**

| Printed Name | Signature | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Case 1:25-cv-00654-JPAS   Document 126   Filed 05/06/26   Page 23 of 34

2023.11.26

2

2023.11.26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | |
| v. | **Addendum to Protective Order** |
| SEAN COMBS, | |
| a/k/a "Puff Daddy," | **S1 24 Cr. 542 (AS)** |
| a/k/a "P. Diddy," | |
| a/k/a "Diddy," | |
| a/k/a "PD," | |
| a/k/a "Love," | |
| *Defendant.* | |

Upon the joint application of the United States of America and counsel to the defendant, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows with respect to the material described in footnote 3 of the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Footnote 3 Material"):

WHEREAS, on January 14, 2025, the defendant moved to amend the protective order to treat the Footnote 3 Material as APO Material pursuant to the Protective Order,

WHEREAS, on January 29, 2025, the Court denied the defendant's application to amend the protective order without prejudice, and directed the parties to engage in further discussions,

WHEREAS, the parties have negotiated the restrictions below to govern the storage of, and access to, the Footnote 3 Materials by defense counsel, the defendant, and retained experts,

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. The Footnote 3 Material will be produced via two encrypted hard drives (the "Drives") to Teny Geragos, who will have sole custody of the Drives, which will be stored in a secure location at the Agnifilo Intrater LLP office at 445 Park Avenue, 7th floor, New York, NY 10022.

2023.11.26

The Footnote 3 Material will not be viewed on, or copied to, a computer that connects to the internet.

2. The password to the encrypted Drives will be provided by the U.S. Attorney's Office for the Southern District of New York solely to Teny Geragos.

3. The defendant's retained audio and visual enhancement expert (the "A/V Expert") may be provided one of the two encrypted Drives. Teny Geragos may share the password to the Drive only with the A/V Expert. The A/V Expert may attempt to enhance the audio or visual quality of the Footnote 3 Material and to independently review and analyze its metadata. This work will be performed by the A/V Expert on a computer that has internet access disabled while the work is performed. If the A/V Expert creates any different versions of the Footnote 3 Material, either video or still image, such enhanced material will be saved to the encrypted Drive provided to the A/V Expert by Agnifilo Intrater LLP. No copies of the Footnote 3 Material, or any enhancements made thereto, will be saved on the computer used to perform work by the A/V Expert.

4. Agnifilo Intrater LLP will submit to the Court (*ex parte* and under seal) a list of individuals who view the Footnote 3 Material, including any enhanced versions of the Footnote 3 Material created by the A/V Expert. The individuals permitted to view the Footnote 3 Material are limited to (i) retained defense experts, (ii) witnesses who are depicted in the Footnote 3 Material, and (iii) defense counsel or personnel for whose conduct defense counsel is responsible. The Footnote 3 Material will only be shown to, or viewed by, the individuals in categories (i), (ii), or (iii), above, in person on a computer that does not connect to the Internet. The Footnote 3 Material, or any portions thereof, will not be viewed on a computer connected to the Internet, any video conferencing platform, or shared via the Internet in any way.

2023.11.26

5.    Within one week following either (i) the jury's verdict, or (ii) the defendant's plea of guilty, Agnifilo Intrater LLP will return the two Drives containing the Footnote 3 Material and any enhanced versions to the U.S. Attorney's Office for the Southern District of New York, which will maintain custody of the Drives, until such time as the discovery can be destroyed in accordance with Paragraph 12 of the Protective Order.

6.    Should any of the Footnote 3 Material, enhanced versions of the Footnote 3 Material, or still images taken from the Footnote 3 Material be marked as trial exhibits and/or admitted into evidence at trial, the marked exhibits will be stored and accessed in accordance with the same requirements as the Footnote 3 Material —that is, on an encrypted hard drive, in a secure location at Agnifilo Intrater LLP's office, and viewed only on a computer without access to the Internet. The parties will meet and confer in advance of any exhibit deadlines on a method of secure transmission for marked exhibits to the opposing party and the Court.

7.    Nothing in the agreement limits either party's ability to offer the Footnote 3 Material into evidence at trial, and both parties reserve the right to raise objections to the admission of the Footnote 3 Material into evidence.

3

2023.11.26

## Retention of Jurisdiction

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney

by: _____                Date: __2/18/2025__

Maurene Comey
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys


_____                Date: __2/18/25__

Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Counsel for Sean Combs


SO ORDERED:

Dated: New York, New York
        February 20 , 2025


_____

HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE


4

2023.11.26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br>                                  *Defendant.* | **Second Addendum to Protective Order**<br><br>**S3 24 Cr. 542 (AS)** |

Upon the joint application of the United States of America and counsel to the defendant, the Court hereby finds and orders as follows with respect to the material covered by the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Protective Order") as amended by the February 20, 2025 addendum to the Protective Order (*see* ECF No. 156) (the "Addendum"):

WHEREAS, on July 2, 2025, the defendant was convicted of Counts Three and Five of the S3 Superseding Indictment after a jury trial,

WHEREAS, on October 3, 2025, the defendant was sentenced on Counts Three and Five,

WHEREAS, the defendant forfeited the physical electronic devices that were seized from the defendant in connection with this case to the Government (the "Defendant's Devices"),

WHEREAS, the defendant received extractions of electronic devices, including the complete forensic imaging of the Defendant's Devices ("Extractions of the Defendant's Devices") as well as partial extractions of devices belonging to third parties (the "Third-Party Devices") in Rule 16 discovery in this case pursuant to the Protective Order,

2023.11.26

WHEREAS, certain of the Defendant's Devices contain content related to the individuals identified as Victim-1 and -2 in the S3 Superseding Indictment, including communications, photos, videos, and other recordings ("Victim Material"),

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. Extractions of the Defendant's Devices and partial extractions of Third-Party Devices produced by the Government to the defense shall continue to be governed by the Protective Order, as amended by the Addendum.

2. Extractions of the Defendant's Devices, except for any portions containing Victim Material, may be used by the defense for purposes of defending against civil litigation, arbitration, or other private or alternative dispute resolution, thereby modifying Paragraphs 5, 9, and 12 of the Protective Order to permit the use of Disclosure Material (as that term is defined the Protective Order) in any discovery exchanged, and in any hearing or trial held, in any civil action involving the Defendant subject to the conditions set forth herein.[1]  Should portions of the Extractions of the Defendant's Devices containing Victim Material be discoverable in civil litigation, arbitration, or other private or alternative dispute resolution, the parties shall meet and confer in good faith on modifying the Protective Order. The Government may authorize in writing disclosure of Victim Material beyond that permitted by this Order without further order of the Court.

3. Notwithstanding the modifications of Paragraphs 5, 9, 12 of the Protective Order in Paragraph 2, the defense shall treat the Extractions of Defendant's Devices consistent with the provisions set forth in the Protective Order, including but not limited to Paragraphs 6-8 and 11. Any disclosure of material from the Extractions of the Defendant's Devices contemplated in

---

[1] This agreement does not obligate the Government to make a witness available for the purpose of authenticating the Extractions of the Defendant's Devices in connection with any civil proceeding.

2023.11.26

Paragraph 2 must be subject to a protective order in such civil action that provides protections for the use of such material in such civil proceeding similar to those protections provided by the Protective Order for the use of the material in the above-captioned case, subject to the rules, procedures, and/or orders of the presiding judge in any such civil proceeding..

4. Consistent with the Protective Order, including Paragraph 8 and Footnote 2 of the Protective Order, the Extractions of Defendant's Devices shall be designated Attorney's Possession Only. However, to the extent the Extractions of Defendant's Devices contain Victim Material, that Victim Material shall be designated AEO, and shall be destroyed by defense counsel after the criminal judgment in the above-captioned matter is final as contemplated by Paragraph 12 of the Protective Order. Any material from the Extractions of Defendant's Devices produced in a civil action as contemplated by Paragraphs 2 and 3, above, must be produced with designations equivalent to the designations above.

5. Partial extractions of Third-Party Devices continue to be governed by the Protective Order and are not subject to the modifications set forth in Paragraphs 2, 3, and 4, above.

6. To the extent the defense, including the defendant, obtains the ability to access any cloud accounts that contain Victim Material, the defendant agrees to destroy such Victim Material within 30 days of the entry of this Order. Defense shall inform the Government once all Victim Material has been destroyed from the defendant's cloud accounts.

2023.11.26

**Retention of Jurisdiction**

7. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____        Date: ____11/19/25_____
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys

_____        Date: ____11/19/25_____
Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Brian Steel, Esq.
Nicole Westmoreland, Esq.
Counsel for Sean Combs

SO ORDERED:

Dated: New York, New York
        November 24, 2025

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

4

2023.11.26

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SEAN COMBS,

       Plaintiff,

  -against-

COURTNEY BURGESS, ARIEL MITCHELL,
and NEXSTAR MEDIA INC.,

       Defendants.

No. 25-cv-650

**NON-DISCLOSURE**
**AGREEMENT**

   I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will either return all discovery information to the party or

attorney from whom I received it, or upon permission of the producing party, destroy such

discovery information. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

1

2

**Position/Title:** _____

**Employer/Affiliation:** _____

**Business Address:** _____

_____

**Personal Address (if no Business Address):** _____

_____

**Telephone:** _____

**Email:** _____

**Dated:** _____

**Signature:** _____

2