**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEAN COMBS,<br><br>                     Plaintiff,<br><br>  -against-<br><br>COURTNEY BURGESS, ARIEL MITCHELL,<br>and NEXSTAR MEDIA INC.,<br><br>                   Defendants. | No. 25-cv-650<br><br>**[PROPOSED] STIPULATED**<br>**PROTECTIVE ORDER** |

John P. Cronan, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) governing material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS Plaintiff's search for potentially responsive discovery is ongoing and it is not yet known whether information or documents discoverable in this case are subject to that certain Protective Order entered on October 7, 2024 in the matter *United States v. Sean Combs*, 24 Cr. 542 (AS) (S.D.N.Y.) (the "Criminal Case"), ECF No. 26 (the "Original Criminal Protective Order"), as amended thereafter by that certain Addendum to Protective Order entered on February 20, 2025, 24 Cr. 542 (AS), ECF No. 156 (the "First Addendum"), and that certain Second Addendum to Protective Order entered on November 24, 2025, 24 Cr. 542 (AS), ECF No. 550 (the "Second Addendum"), and as may be amended thereafter (collectively, the "Criminal Protective Order"), annexed as Exhibit A hereto;

WHEREAS, subject to the foregoing, it is possible that certain material that may be exchanged pursuant to and during the course of discovery in this case ("Discovery Material") may be subject to the Criminal Protective Order;[1]

WHEREAS subject to the foregoing, certain material that may be exchanged pursuant to and during the course of discovery in this case may have been designated pursuant to the Criminal Protective Order as "Sealed Material," "Attorney's Possession Only ('APO') Material," "Attorney's Eyes Only ('AEO') Material" (together, "Criminal Protective Order Material");

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order may not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, except as otherwise set forth in this Protective Order and, to the extent incorporated herein, by the Criminal Protective Order, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, this Court finds good cause for issuance of an appropriately tailored protective order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or

---

[1] Nothing herein constitutes an admission by any party that any particular material is subject to discovery or admissible in this case. The parties expressly reserve all objections as to discoverability and admissibility as set forth in their respective responses and objections to discovery demands.

2

constructive notice of this Protective Order—shall not use Discovery Material for any purpose other than to prosecute and/or defend the claims in this action and shall adhere to the following terms:

### **Confidential Material and Criminal Protective Order Material**

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Discovery Material designated as "Confidential Material" (as defined below) or Criminal Protective Order Material shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. To the extent Discovery Material has not been designated as Criminal Protective Order Material, any Party or third party producing information or documents (the "Producing Party") may designate as "Confidential Material" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes:

(a) non-public information that must be maintained in confidence pursuant to a confidentiality agreement, contractual provision, law, or court order;

(b) business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known, the public disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of the Producing Party's operations or business or the business of any of the Producing Party's customers or clients;

(c) sensitive personally identifying information such as personal addresses, phone numbers, e-mail addresses, birth dates, financial account information, Social Security numbers, driver's license numbers, and IP addresses;

(d) unpublished newsgathering material;

(e) medical, psychological, or mental health records, and other medical information, provided, however, that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law;

(f) information concerning sexual conduct, sexual assault, audio or video recordings of an intimate nature, or photographs or images of an intimate nature; or

(g) any other category of information hereinafter given confidential status by the Court.

3.      Material that may be designated Confidential Material includes but is not limited to: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d) responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

4.      The protections conferred on Confidential Material and/or Criminal Protective Order Material by this Protective Order do not cover the following: (1) any information that is in the public domain at the time of disclosure to a receiving person or that becomes part of the public domain after its disclosure to a receiving person as a result of publication not involving a violation of this Protective Order, including by becoming part of the public record through trial, hearings in this action, or otherwise (in compliance with this Protective Order); (2) any information in the possession of the receiving person prior to the disclosure or obtained by the receiving person after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; (3) any information which is not

designated as Confidential Material or Criminal Protective Order Material; or (4) any information that the Parties agree, or the Court rules, is in the public domain or de-designates from Confidential status. If a document or information is removed from "Confidential" status, the Producing Party shall notify all Parties in writing and re-produce the document or information without the "Confidential" designation.

### Designation of Confidential Material and Criminal Protective Order Material

5.    Other than deposition transcripts and exhibits, the Producing Party shall designate Confidential Material by stamping or otherwise clearly marking that Discovery Material with the legend "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

6.    Other than deposition transcripts and exhibits, Plaintiff shall stamp or otherwise clearly mark any Discovery Material that was designated as Criminal Protective Order Material in the Criminal Case using the legend "Attorney's Possession Only (APO) / SEALED MATERIAL – SUBJECT TO CRIMINAL PROTECTIVE ORDER" or "Attorney's Eyes Only (AEO) / SEALED MATERIAL– SUBJECT TO CRIMINAL PROTECTIVE ORDER," as appropriate (consistent with Paragraphs 3 and 4 of the Original Criminal Protective Order), in a manner that will not interfere with legibility or audibility.

7.    With respect to deposition transcripts, a Producing Party or that person's counsel may designate such portion as Confidential Material or Criminal Protective Order Material either by (a) indicating on the record during the deposition that a question calls for Confidential information or information designated as Criminal Protective Order Material (as the case may be), in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order," "APO (Sealed) Information Governed by Criminal Protective Order," or

"AEO (Sealed) Information Governed by Criminal Protective Order" (as appropriate); or (b) notifying the reporter and all counsel of record, in writing, within 30 days after deponent's receipt of the official transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential (as the case may be), in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing Party or that party's counsel. To allow for such designations, during the 30-day period following the deponent's receipt of the official transcript, the entire deposition transcript shall be treated as Confidential, and any deposition exhibits that consist of Criminal Protective Order Material (and any portions of deposition testimony discussing such exhibits) shall be treated in accordance with the terms of the Criminal Protective Order.

**Use of Criminal Protective Order Material**

8.      All Criminal Protective Order Material produced in this action shall be treated in accordance with the terms of the Criminal Protective Order.  For the avoidance of doubt, Criminal Protective Order Material identified as APO Material pursuant to Paragraph 6 above shall be treated in accordance with Paragraph 7 of the Original Criminal Protective Order, and Criminal Protective Order Material identified as AEO Material pursuant to Paragraph 6 above shall be treated in accordance with Paragraph 8 of the Original Criminal Protective Order.  In the event there is found to be any inconsistency between the terms of this Protective Order and the terms of the Criminal Protective Order as to material designated in the Criminal Case and produced in this action, the terms of the Criminal Protective Order shall govern.

**Use of Confidential Material**

9.  Confidential Material may be used only for purposes of this action and shall not be disclosed by the Party receiving such material ("Receiving Party") to any persons other than those listed in Paragraph 10 herein, except by prior written agreement of the Producing Party or by order of the Court.  Any person receiving Confidential Material shall use reasonable measures to prevent unauthorized disclosure of such material.  Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

10.  In the absence of an order of the Court or by agreement of the Producing Party, Confidential Material may be disclosed or made available only to the following persons:

(a) The named parties to this Action, persons granted power of attorney over such named parties, and attorneys working on behalf of any party, including both outside counsel and in-house attorneys, as well as any paralegals, staff, stenographic, and clerical employees and contractors working on this Action under the direct supervision of such counsel, including but not limited to any electronic discovery vendors;

(b) Any expert or consultant expressly retained by any attorney described in Paragraph 10(a) to assist in this action and their employees, with disclosure only to the extent reasonably necessary to perform such work;

(c) Any deponent:  (i) if it appears that the deponent authored or received a copy of the Confidential Material; (ii) if the deponent is employed by the Producing Party; or (iii) if the Producing Party consents to such disclosure;

(d) Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

7

(e) The Court and its personnel (including, for example, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and

(f) Any other person whom the Producing Party agrees in writing may have access to such Confidential Material.

11.     Persons to whom Confidential Material is disclosed per Paragraph 10 shall be informed, prior to being shown Confidential Material, that he/she (i) is being shown such materials solely for use in this action and (ii) shall not retain any Confidential Material after the termination of this action.

12.     Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 10(b), (c), (d) or (e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit B hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Counsel shall produce a copy of any executed Non-Disclosure Agreement to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first, except that counsel need not produce a Nondisclosure Agreement executed by any expert or consultant retained only for consulting purposes.  Counsel shall retain copies of any signed Non-Disclosure Agreement until the completion of this action and the return or destruction of Confidential Material in accordance with Paragraph 23 herein.  Inadvertent failure to provide the Non-Disclosure Agreement to any individual shall not be deemed a material breach of this Protective Order and shall be remedied immediately upon discovery.

13.    If the Receiving Party is required by law to disclose any Confidential Material, it will immediately notify the Producing Party in order to permit the Producing Party to seek a protective order or take other appropriate action.  The Receiving Party will cooperate in the Producing Party's efforts to obtain a protective order or other assurance that the Confidential Material will remain confidential.  If, in the absence of a protective or other order prohibiting disclosure, the Receiving Party, in the written opinion of its legal counsel, is advised in good faith to disclose the Confidential Material, it may disclose only the part of such material its legal counsel advises to be disclosed.

### Objections to Confidentiality Designations

14.    With the exception of designations previously made during the Criminal Case pursuant to the Criminal Protective Order, which are not subject to challenge in this action, any Party who objects to any designation of confidentiality at any stage of this action shall serve upon the Producing Party a written notice stating with particularity the grounds of the objection. The Producing Party shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Discovery Material is properly designated.  If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void.  If a timely written response to the objection is made, counsel for the Parties shall first try to resolve the dispute in good faith by meeting and conferring. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

**Filing and Use in Court of Confidential Material and Criminal Protective Order Material**

15.     Any Party that intends to use at trial or as part of a letter, motion, or deposition, portions of a document designated as "Confidential" that do not contain Confidential Material (provided those portions are reasonably separable from the Confidential portions) may request that the Producing Party provide a redacted version of that document that redacts only those portions of the document containing Confidential Material and the Producing Party shall promptly comply with such a request.

16.     A Party may not file in the public record in this action any information, documents, or material designated as Confidential Material or Criminal Protective Order Material without written permission from the Producing Party or as ordered by the Court.  A Party that seeks to file any information, documents, or material designated Confidential Material or Criminal Protective Order Material must seek to leave to do so under seal and must comply with Section 6 of the SDNY Electronic Case Filing Rules & Instruction, Rule 4 of the Individual Practices in Civil Cases of Judge John P. Cronan, and with the Southern District of New York's September 24, 2025 Notice and Standing Order regarding sealed documents, and any other applicable federal or local rules regarding the filing of materials under seal.

17.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Material or Criminal Protective Order Material itself, and not text that in no material way reveals the Confidential Material or Criminal Protective Order Material.

18.     Any Personally Identifiable Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and similar information that could be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information

10

and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.

## Notice of Breach

19.    If Confidential Discovery Material, Sealed Material, APO Material, or AEO Material is disclosed to any person other than in the manner authorized by this Protective Order, the person or Party responsible for the unauthorized disclosure must, within five (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the relevant material from the unauthorized recipient.

## Clawback of Confidential Material and Privileged Information

20.    If at any time prior to the termination of this action, a Producing Party realizes that it has produced Confidential Material without designating it as such, that Producing Party may designate such material as "Confidential" by promptly notifying the Parties in writing.  The notification must designate the material as "Confidential" according to the terms of this Protective Order.  Such material will thereafter be treated as Confidential Material under the terms of this Protective Order.  In addition, the Producing Party shall provide the Parties with properly designated replacement versions of such Confidential Material within ten (10) business days of providing such notice.

11

21.     The inadvertent production in this action of any document or electronically stored information that is subject to attorney-client privilege, work product protection, or any other applicable privilege, shall not constitute a waiver of such privilege. If a receiving Party becomes aware that it has received privileged material, the receiving Party shall immediately notify the Producing Party in writing, shall not review, use, or disclose the privileged material, and shall promptly return or destroy all copies of the privileged material, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days, return or destroy all copies of the inadvertently disclosed information, including all copies, excerpts, or summaries, and provide a certification to counsel that all such information has been returned or destroyed. This Protective Order is intended to implement the procedures of Federal Rule of Evidence 502(d) and (e).

### Termination of the Action

22.     This Protective Order shall survive the termination of this action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

23.     Within sixty (60) days after the final disposition of this action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material and Criminal Protective Order Material, and all copies thereof, shall be promptly returned to the Producing Party, or destroyed to the extent permitted or required by the Criminal Protective Order.  At the conclusion of this sixty-day period, counsel for each receiving person shall provide to counsel for the Producing Party a certification stating that, to counsel's knowledge and belief, the receiving person has either returned or made commercially reasonable efforts to destroy all Confidential Discovery Material with the exception of those that (i)

constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Protective Order with respect to such retained material.

24.    This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## Other Provisions

25.    This Protective Order may be changed only by agreement of the Parties in writing or by order of the Court and is without prejudice to the right of any Party to seek modification or judicial relief of this Protective Order by application to the Court on notice to counsel for the other Party.

26.    The invalidity or unenforceability of any provision of this Protective Order shall not affect the validity or enforceability of any other provision of this order, which shall remain in full force and effect.

SO STIPULATED AND AGREED.

*/s/ Erica A. Wolff*                                                     Dated: May 6, 2026
Erica A. Wolff
Michael Tremonte
Katie Renzler
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
ewolff@shertremonte.com
mtremonte@shertremonte.com
krenzler@shertremonte.com

*Counsel for Plaintiff Sean Combs*

/s/ Elizabeth A. McNamara                                    Dated: May 6, 2026
Elizabeth A. McNamara
Alison Schary
Mary E. Goetz
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
lizmcnamara@dwt.com


*Counsel for Defendant Nexstar Media Inc.*

/s/ Steven A. Metcalf II                                     Dated: May 6, 2026
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
Tel: (646) 253-0514
metcalflawnyc@gmail.com


*Counsel for Defendant Ariel Mitchell*



SO ORDERED

Dated: New York, NY

_____ May 7 , 2026

JOHN P. CRONAN
United States District Judge

With respect to redactions and sealed filings, the parties must also comply with Rule 4 of the undersigned's Individual Rules and Practices for Civil Cases.

14