# SHER TREMONTE LLP

May 12, 2026

**BY ECF**

The Honorable John P. Cronan
United States District Court
500 Pearl Street, Room 1320
New York, NY 10007

Re:    *Combs v. Burgess et al.*, **25-cv-650**

Dear Judge Cronan:

We represent Plaintiff Sean Combs in the above-captioned matter.  We write in response to the letter filed by Defendant Nexstar Media Inc. ("NewsNation") on April 27, 2026 (ECF No. 108) (the "Letter") opposing Plaintiff's April 24, 2026 letter motion (ECF No. 107) concerning NewsNation's supplemental submission (ECF No. 106) (the "Supplemental Submission").  NewsNation's Letter opposes striking the Supplemental Submission, but does not address, and accordingly does not oppose, Plaintiff's alternative request to file a response addressing arguments presented in the Supplemental Submission. Accordingly, we address the substance of that submission here.  Contrary to the argument presented in the Supplemental Submission, the recent decision (the "Decision") issued by New York State Supreme Court Justice Phaedra F. Perry-Bond in *Combs v. NBCUniversal Media, LLC, et al.*, Index No. 151935/2025 (the "State Court Case") (ECF No. 106-1) has no bearing on the instant action.

*First*, the Court should not consider the Decision when evaluating NewsNation's motion to dismiss because the Decision was wrongly decided and involves legal issues not presented by NewsNation's motion to dismiss in this action.

As an initial matter, the State Court evaluated Mr. Combs's defamation claim under a "gross irresponsibility" standard—which it misapplied—as opposed to the "actual malice" standard applicable here.  Under New York law, a media organization can be held liable for defamation if it "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975).  The inquiry "focuses on the defendant's processes . . . in preparing and deciding to publish a report[.]" *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 225 (N.D.N.Y. 2014).  However, the State Court failed to evaluate NBCUniversal's process in creating the publication at issue—a documentary titled "Diddy: The Making of a Bad Boy" (the "Documentary").  *See* ECF No. 106-2 at ¶ 1.  Instead, the State Court focused on the final product, holding Plaintiff had not demonstrated gross irresponsibility because, in its opinion, the Documentary appeared "carefully curated," "nuanced," and allowed viewers to "draw their own conclusions[.]"  Decision at 8.  In other words, the State Court held that NBCUniversal's "processes . . . in preparing and deciding to publish" the work at issue met industry standards without considering the "processes" at all.  This was error.  Additionally, the State Court's *dicta* that failure to allege gross irresponsibility is "*de facto*" failure to

Hon. John P. Cronan
May 12, 2026
Page 2 of 3

allege actual malice (*id.* at 5 n.2) is incorrect.  NewsNation likewise is wrong when it argues gross irresponsibility is a lower standard than actual malice (*see* Supplemental Submission at 2).  The Second Circuit has explained that actual malice and gross irresponsibility "are different from one another rather than the first simply being a more onerous version of the second[.]"  *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 104 (2d Cir. 2000) (providing example where plaintiff might demonstrate actual malice even if statement was "in accordance with standards of responsible journalism under *Chapadeau*").

The State Court also wrongly dismissed Mr. Combs's complaint for failure to plead damages.  *See* Decision at 9–10.  Because Mr. Combs alleges defamation *per se*, damages are presumed and need not be separately pleaded.  *See Liberman v. Gelstein*, 80 N.Y.2d 429, 434–35 (1992).  In holding otherwise, the State Court invoked two doctrines—the libel-proof plaintiff and incremental harm doctrines—that are not valid under federal or New York law.  *See Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 523 (1991) ( "we reject any suggestion that the incremental harm doctrine is compelled as a matter of First Amendment protection"); *Stern v. Cosby*, 645 F. Supp. 2d 258, 270 (S.D.N.Y. 2009) (questioning "whether the libel-proof plaintiff doctrine is valid in the wake of" *Masson*); *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 390 n.29 (S.D.N.Y. 1998) (describing the libel-proof plaintiff doctrine as "vulnerable" following *Masson*).  As far as Plaintiff has discerned, no New York Appellate Division or Court of Appeals decisions has applied either doctrine to an individual plaintiff alleging defamation *per se*.[1]  Recognizing that Plaintiff is not required to plead damages beyond those presumed, NewsNation did not argue in its motion to dismiss that Mr. Combs failed to do so.[2]

Even if the libel-proof plaintiff or incremental harm doctrines were viable (they are not), the State Court misapplied them.  The libel-proof plaintiff doctrine provides that "when a particular plaintiff's reputation for a *particular trait* is sufficiently bad, further statements *regarding that trait* . . . are not actionable[.]"  *Church of Scientology Int'l v. Time Warner, Inc.*, 932 F. Supp. 589, 593–94 (S.D.N.Y. 1996) (emphasis added) (observing the doctrine has been persuasively criticized and declining to apply it).  Similarly, the "incremental harm doctrine reasons that when unchallenged or nonactionable parts of a particular publication are damaging, another statement, though maliciously false, might be nonactionable on the grounds that it causes no harm beyond the harm caused by the remainder of the publication."  *Id.*  Purporting to apply these doctrines, the State Court erroneously held that the Documentary—which included false accusations of murder, attempted murder, sex trafficking, and sex with minors—did not

---

[1] The Decision invokes cases involving *corporate* plaintiffs (Decision at 9), who, unlike individuals, are required "to establish that the publication injured its business reputation or its credit standing."  *Sandals Resorts Int'l. Ltd. v. Google, Inc.*, 86 A.D.3d 32, 39 (1st Dep't 2011).

[2]  If the Court is inclined to consider these doctrines in resolving NewsNation's Motion to Dismiss, Mr. Combs respectfully requests additional briefing so that he may fully address this issue which has not been briefed.

Hon. John P. Cronan
May 12, 2026
Page 3 of 3

cause additional damage to Mr. Combs's reputation beyond that caused by "lawsuits, [a] domestic violence video, press coverage, and a criminal indictment[.]"  Decision at 10. Among other errors, the State Court did not explain, nor could it, how allegations in Mr. Combs's criminal case (where he was acquitted of RICO and sex trafficking charges and convicted of a prostitution charge) or in other lawsuits gave him a reputation as a murderer. *See Baines v. Daily News L.P.*, 51 Misc. 3d 229, 239 (N.Y. Sup. Ct. 2015) ("the court may not conclude, as a matter of law, that plaintiff's reputation is insusceptible of further damage").  The State Court's ruling that NBCUniversal can falsely accuse Mr. Combs of heinous crimes with impunity because he has been accused of other misconduct, no matter how false or unrelated, is clearly erroneous.

Separately, the State Court erroneously held that the Documentary was not defamatory because it included "counterstatements to the allegedly defamatory statements[.]"  Decision at 8.  But merely "present[ing] . . . several inconsistent versions" does not preclude "a defamatory interpretation."  *See Levin v. McPhee*, 917 F. Supp. 230, 237–38 (S.D.N.Y. 1996).  *See also Moraes v. White*, 571 F. Supp. 3d 77, 96 (S.D.N.Y. 2021) ("lawyerly disclaimer" did not immunize defendant).

Because the Decision is legally infirm (and not binding on this court[3]), the Court should not consider it when evaluating NewsNation's motion to dismiss.

*Second*, the Decision is inapposite because it was made pursuant to a procedural standard (N.Y. C.P.L.R 3211(g)) different from FRCP 12(b)(6), and because the two actions concern different statements.  *Compare* ECF No. 61 ¶ 86 *with* ECF No. 106-2 at ¶¶ 1, 115.  Moreover, whereas the Documentary included—according to the State Court— "counterstatements" and "numerous viewpoints" (Decision at 6–8), NewsNation made no such efforts.  Given these differences, whether the State Court Case could survive a CPLR 3211(g) motion has no bearing on the sufficiency of Mr. Combs's defamation claim in this action.

For the foregoing reasons, the Court should disregard the Decision in its evaluation of NewsNation's motion to dismiss.

Respectfully submitted,

/s/  Erica A. Wolff

Erica A. Wolff
Michael Tremonte
Katie Renzler

*Attorneys for Sean Combs*

cc:    All counsel of record (via ECF)

---

[3] *See Rodland v. Judlau Contracting, Inc.*, 844 F. Supp. 2d 359, 363 (S.D.N.Y. 2012).