May 12, 2026

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

Re: ***Sean Combs v. Courtney Burgess, Ariel Mitchell, and Nexstar Media Inc.,*** No. 25-cv-00650 (JPC)

Dear Judge Cronan:

We write jointly on behalf of Plaintiff Sean Combs ("Mr. Combs"), Defendant Nexstar Media Inc. ("Nexstar"), and Defendant Ariel Mitchell ("Ms. Mitchell," and together with Mr. Combs and Nexstar, the "Parties") in the above-referenced matter, to request a six-month extension of the discovery deadlines in the Court's Civil Case Management Plan and Scheduling Order ("Scheduling Order"), entered on December 10, 2025 (ECF No. 97). This is the first request for an extension of the dates set forth in the Scheduling Order. All parties who have appeared in this matter consent to and join this request.

The parties have been working diligently to move discovery forward. Mr. Combs and Nexstar have exchanged interrogatories and responses to interrogatories. Mr. Combs and Nexstar have also exchanged requests for the production of documents and associated responses and objections, and are meeting and conferring regarding their respective objections. Mr. Combs likewise served requests for the production of documents on Ms. Mitchell (to which Ms. Mitchell has not yet responded). Mr. Combs also recently served interrogatories on Ms. Mitchell, responses to which are due on June 1, 2026. And Ms. Mitchell recently served revised requests for production of documents and interrogatories on Mr. Combs following the withdrawal of earlier requests in response to objections raised by Mr. Combs and in connection with the Parties' meeting and conferring concerning the same. In addition, the parties negotiated and submitted a stipulated proposed protective order to govern additional discovery (ECF No. 113), which the Court has since entered (ECF No. 114).

While the parties have been working diligently to move discovery forward, it is apparent that we will not be able to complete discovery by the deadlines in the Scheduling Order (which are currently June 8, 2026 for the completion of fact discovery and August 7, 2026 for the completion of all discovery). Discovery yet to be completed includes: production of documents, Ms. Mitchell's responses to Mr. Combs's interrogatories, responses and objections to Ms. Mitchell's revised document demands and interrogatories, service of requests for admission and responses thereto, fact depositions, and expert discovery.

Discovery will not be completed by the present deadlines due to the intervening time associated with the Parties' meeting and conferring concerning objections as well as unusual circumstances presented by this case. As Your Honor is aware, Mr. Combs is currently

Hon. John P. Cronan
May 12, 2026
Page 2

incarcerated.  Mr. Combs's incarceration presents significant challenges to his ability to participate in discovery.  Among other things, the administrative difficulty of coordinating with the Bureau of Prisons restricts the frequency and manner in which the undersigned counsel can communicate with Mr. Combs and the way in which Mr. Combs can review documents.  In addition, certain documents under Mr. Combs's control are subject to a protective order entered on October 7, 2024 in the matter *United States v. Sean Combs*, 24 Cr. 542 (AS) (S.D.N.Y.) (the "Criminal Protective Order").[1]  Because the Criminal Protective Order restricts the disclosure and use of certain materials in civil litigation, the parties were required to negotiate a protective order that incorporates the Criminal Protective Order in the event information discoverable in this case is subject to that Order.  This process required coordination to ensure compliance with the Criminal Protective Order and was more time-intensive than a standard confidentiality stipulation.  The proposed protective order negotiated between the Parties has since been entered by the Court at ECF No. 114.

Finally, the Court's January 27, 2026 Order (ECF No. 103) staying deposition discovery pending resolution of Nexstar's Motion to Dismiss (ECF No. 71) independently prevents the parties from completing fact discovery by the current June 8, 2026 deadline and likewise prevents the parties from proceeding to expert discovery.

Because of the foregoing unusual challenges presented by this case and because the parties have been working diligently and cooperatively to move discovery forward despite such challenges, good cause exists to modify the Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).

Accordingly, the Parties respectfully request that the Scheduling Order be modified to reflect the following deadlines:

(1) **November 9, 2026:** Deadline to serve interrogatories (currently May 7, 2026).

(2) **November 9, 2026:** Deadline to serve requests to admit (currently May 7, 2026).

(3) **December 4, 2026:** Deadline to complete depositions (currently June 4, 2026).

(4) **December 8, 2026:** Deadline to complete fact discovery (currently June 8, 2026).

(5) **January 11, 2027:** Deadline for expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure (currently July 10, 2026).

(6) **January 11, 2027:** Deadline to serve contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York.

---

[1]    The original criminal protective order, entered at ECF No. 26 (the "Original Criminal Protective Order"), was amended by an Addendum to Protective Order entered on February 20, 2025, 24 Cr. 542 (AS), ECF No. 156 (the "First Addendum"), and a Second Addendum to Protective Order entered on November 24, 2025, 24 Cr. 542 (AS), ECF No. 550 (the "Second Addendum").

Hon. John P. Cronan
May 12, 2026
Page 3

      **a.** The Scheduling Order did not contemplate a deadline for contention interrogatories pursuant to Local Civil Rule 33.3(c).  However, pursuant to the Local Rules, such interrogatories are to be served at least 30 days before the discovery cut-off date.  Accordingly, the parties respectfully request that the Court order such interrogatories to be served on or before January 11, 2027.

**(7) February 8, 2027**: Deadline to complete all expert discovery, including expert depositions (currently August 7, 2026).

**(8) February 8, 2027:** Deadline for the completion of all discovery (currently August 7, 2026).[2]

We thank the Court for its consideration.

Respectfully submitted,

*/s/     Erica A. Wolff*
Erica A. Wolff
Michael Tremonte
Katie Renzler
SHER TREMONTE LLP
90 Broad Street, 23rd Fl.
New York, New York 10004
212-202-2600
ewolff@shertremonte.com

*Counsel for the Plaintiff Sean Combs*

*/s/     Elizabeth A. McNamara*
Elizabeth A. McNamara
Alison Schary
Mary E. Goetz
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
lizmcnamara@dwt.com

*Counsel for Defendant Nexstar Media Inc.*

*/s/     Steven A. Metcalf II*
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
Tel: (646) 253-0514
metcalflawnyc@gmail.com

*Counsel for Defendant Ariel Mitchell*

---

[2] The proposed deadlines for depositions, contention interrogatories, end of fact discovery, expert disclosures, end of expert discovery, and end of all discovery herein are proposed subject to the Court lifting the stay of depositions imposed by the Court's Order at ECF No. 103.