M&M
METCALF & METCALF, P.C.
ATTORNEYS • AT • LAW

STEVEN A. METCALF II, ESQ., *Founding Partner****
NANETTE IDA METCALF, ESQ., *Founder and Managing Attorney***
CHRISTOPHER DARDEN, ESQ., *Special Counsel**

***State of California Only***
****Licensed in New York and California***
*****Licensed in New York, SDNY, EDNY, WDNY, EDMI, DCDC, Second Circuit Court of Appeals and Court of Appeals for District of Columbia***

September 17, 2026

**VIA ECF**
Hon. John P. Cronan
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re: *Combs v. Burgess, Mitchell & Nexstar Media Inc.*, No. 25-cv-650 (JPC)
**Defendant Ariel Mitchell's Pre-Motion Letter to submit a Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1), 12(h)(3)) and Extend the Answer Deadline**

Dear Judge Cronan:

**Please accept** this correspondence, pursuant to Rule 6.A of the Court's Individual Rules and Practices in Civil Cases, as Defendant Mitchell's pre-motion letter concerning a contemplated Motion to Dismiss the Amended Complaint for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

To date, Mitchell has not answered, and recently, an issue worthy of researching is now being advanced for Defendant Mitchell. I spoke to counsel on this matter, and Plaintiff's counsel, attorney Wolff indicated that in light of her current filing, she could not state a position to my filing this letter today. Plaintiff's counsel can consent to extending the Answer for Defendant Mitchell. am seeking a 30 day extension to file an Answer or

In referencing, this Court's rules, Rule 6.A provides that "[a] party's submission of a pre-motion letter in connection with a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the deadline to move to dismiss." Defendant Mitchell submits this letter seeking a Stay of Defendant Mitchell's answer deadline pending the briefing schedule the Court sets. Alternatively, and for what it is worth, if a motion schedule cannot be set, then Mitchell requests a 30 day extension, on consent.



METCALF & METCALF, P.C.
99 Park Avenue, Suite 810 | New York, NY 10016
646.253.0514 (*Phone*) | 646.219.2012 (*Fax*)

This action is a one cause of action, New York state-law, defamation case. Plaintiff invokes only diversity jurisdiction under 28 U.S.C. § 1332(a). *See* AM. COMPL., ECF 61 at ¶ 16. Plaintiff does not plead a federal question.

Diversity requires complete diversity of citizenship, measured as of the commencement of the action on January 22, 2025. Citizenship for an individual is domicile, not residence and not the location of a jail cell. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). A person confined in this District is therefore presumed to retain the domicile he held before his incarceration, and the party invoking the place of confinement as his citizenship bears the burden of overcoming that presumption. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (per curiam).

That principle is not a technicality; it is dispositive, and this Court has applied it to dismiss precisely the kind of pleading Plaintiff has filed here. In *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003), an inmate confined in Pennsylvania sued a New York attorney and attempted to manufacture diversity by treating the State of his confinement as his citizenship. Chief Judge Mukasey rejected that theory and dismissed the complaint for lack of subject-matter jurisdiction, with leave to amend, holding: "It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile." *Id.* at *2.

The Court explained that although the presumption is rebuttable in this Circuit, a party who seeks to rest citizenship on his place of confinement must plead more than the fact of confinement, because "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Id.* at *3 (quoting *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)). Even on a full record, the *Fermin* plaintiff's showing that he received his mail, made his telephone calls, visited with family, obtained his medical treatment, and earned an educational certificate in the State of confinement established only residence, not domicile, and jurisdiction was therefore absent. *Id.*; *see also Housand*, 594 F.2d at 925 n.5.

The Amended Complaint does not allege citizenship at all. It alleges only that Plaintiff "presently resides in Brooklyn, New York," ECF 61 ¶ 12, and that Mitchell "is a resident of Miami, Florida and conducts business in New York". *Id.* at ¶ 14. Residence is not citizenship.

Residing in Brooklyn is not fully described, but Plaintiff's detention at the MDC, which followed his departure from Miami to surrender in this District – is a matter of public knowledge. Further, various other filings on other matters concerning Plaintiff support the position stated herein. Plaintiff's own bail submission states that "he left his home in Miami and travelled to New York to surrender," and proposed a bond "[s]ecured by the equity in Mr. Combs' residence located at 2 West Star Island in Miami, Florida." *See United States v. Combs*, No. 24-cr-542 (AS), Letter in Lieu of Formal Bail Motion (S.D.N.Y. Sept. 18, 2024). The Government likewise identified him as "COMBS, 54, of Miami, Florida." *See* U.S. Attorney's Office, S.D.N.Y., Press Release, *Sean Combs Charged in Manhattan Federal Court with Sex Trafficking and Other Federal Offenses* (Sept. 17, 2024).

Applied here, *Fermin* establishes that Plaintiff's Brooklyn allegation is legally incorrect and cannot support jurisdiction. Plaintiff's pleaded connection to New York is his custodial placement at the Metropolitan Detention Center in Brooklyn, a facility to which the Bureau of Prisons assigned him and which he is not free to leave. A detention cell is a place of confinement, not a domicile, and involuntary federal custody cannot create the voluntary presence and intent to remain indefinitely that domicile requires. *Palazzo*, 232 F.3d at 42; *Fermin*, 2003 WL 21787351, at *2.

Plaintiff pleads no fact — no home, no license, no registration, no tax filing, no employment, no family residence, and no stated intention to remain in New York upon release — that would raise a substantial question about an intent to acquire a New York domicile, and the Amended Complaint therefore fails even the threshold pleading test that *Fermin* imposes. *Id.* at *3. The domicile Plaintiff should have pleaded is the one he has represented to another federal court that he holds: Miami, Florida, where he maintained his home before he came to this District to face criminal charges. Because Mitchell was likewise a Florida citizen when this action was filed, Plaintiff's correct domicile — Florida, not MDC Brooklyn — means complete diversity never existed, and no allegation about a Brooklyn cell can supply the jurisdiction that 28 U.S.C. § 1332 demands.

Similarly, Plaintiff has affirmatively represented his Florida domicile to another federal court and prevailed on it. In *O'Marcaigh v. Combs*, No. 2:25-cv-03650, 2026 U.S. Dist. LEXIS 81011 (C.D. Cal. Mar. 31, 2026), Plaintiff moved to dismiss for lack of personal jurisdiction, and Judge Gee, relying on the evidence Plaintiff himself submitted establishing that he is a permanent resident and domiciliary of Florida, held that no general jurisdiction existed over him in California. Plaintiff obtained dismissal on the O'Marcaigh case – on this basis – while confined at the MDC. Additionally, Plaintiff's counsel of record in this action, Sher Tremonte LLP, likewise removed a state action against him to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332. *See Gardner v. Combs*, No. 2:24-cv-07729 (D.N.J.) (removed July 12, 2024).

Overall, Plaintiff cannot have it both ways, where he claims a Florida domicile to defeat jurisdiction in California; while simultaneously, in this case Plaintiff relied on a Brooklyn detention cell to create it here.

When this case was commenced, Mitchell was a Florida citizen. Plaintiff pleaded her Florida residence and served of process on her was also conducted in Florida. A motion schedule, will provide Defendant Mitchell the opportunity to substantiate her Florida domicile in support of the motion. If Plaintiff and Mitchell were both Florida citizens on the commencement date, complete diversity never existed, and the presence of a Delaware-incorporated, Texas-headquartered media co-defendant, cannot cure the defect. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); ECF 61 at ¶ 15.

Because subject-matter jurisdiction cannot be waived, this motion is proper now even though the Court denied Mitchell's Rule 12(b)(6) motion on September 4, 2026. Fed. R. Civ. P. 12(g)(2), 12(h)(3).

Defendant Mitchell therefore requests:

(1) That the Court treat this letter as staying her time to answer;



**METCALF & METCALF, P.C.**
99 Park Avenue, Suite 810 | New York, NY 10016
646.253.0514 (*Phone*) | 646.219.2012 (*Fax*)

(2) A short briefing schedule on a Rule 12(b)(1) / 12(h)(3) motion (Mitchell proposes moving papers 14 days after the Court authorizes the motion, opposition 14 days later, reply 7 days later); and

(3) A stay of all answer and discovery obligations as to Mitchell until the Court rules on subject-matter jurisdiction; or

(4) Alternatively, if a motion schedule is not addressed, Defendant Mitchell's time to Answer is extended for 30-days.

I thank the Court in advance for its attention on this matter.

Respectfully submitted,

*/s/ Steven Alan Metcalf II*

STEVEN A. METCALF, ESQ.
*Counsel for Mitchell*



**METCALF & METCALF, P.C.**
99 Park Avenue, Suite 810 | New York, NY 10016
646.253.0514 (*Phone*) | 646.219.2012 (*Fax*)