UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN COMBS,<br><br>Plaintiff,<br><br>-v-<br><br>COURTNEY BURGESS, ARIEL MITCHELL, and NEXSTAR MEDIA INC.,<br><br>Defendants. | 25 Civ. 650 (JPC)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

On September 14, 2026, Sher Tremonte LLP ("Sher Tremonte") moved for leave to withdraw as counsel for Plaintiff Sean Combs. Dkt. 124. Plaintiff has not opposed that motion. Under Local Civil Rule 1.4 an attorney of record may withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." Local Civil Rule 1.4. The Court finds that the reasons set forth in the motion and in Michael Tremonte's supporting declaration, Dkt. 125, constitute satisfactory reasons for withdrawal. *See, e.g.*, *Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2016 WL 11951738, at *7 (S.D.N.Y. Aug. 10, 2016) ("Courts have routinely granted motions to withdraw where, as here, 'a severe breakdown of trust has occurred between' parties and their lawyers."). And the Court notes that another court in this District has concluded that the relationship between counsel at Sher Tremonte and Plaintiff has broken down on materially identical submissions. *Kelly v. Combs*, No. 24 Civ. 8024 (VEC), 2026 WL 3061748, at *2 (S.D.N.Y. Oct. 13, 2026).

Withdrawal also will not materially harm Plaintiff's interests or unreasonably delay this case. Discovery has not yet closed, and the Court has already adjourned certain upcoming deadlines in light of the withdrawal motion. *See* Dkt. 128. Any potential prejudice can "be prevented by

staying the underlying action, or extending litigation deadlines, to give the client time to seek new counsel or prepare to proceed *pro se*." *Ameruso v. City of New York*, No. 15 Civ. 3381 (RA) (BCM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016).

Sher Tremonte also seeks a retaining lien. Dkt. 125 ¶ 11. Sher Tremonte is entitled to a lien because its withdrawal is for good cause, *see Kelly*, 2026 WL 3061748, at *2, and there are no "exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency)," *Star Funding, Inc. v. Vault Mins., LLC*, No. 15 Civ. 3026 (GBD) (SN), 2017 WL 7790610, at *2 (S.D.N.Y. Aug. 31, 2017) (citation omitted). But Sher Tremonte has not documented, or even stated, how much Plaintiff owes. It "may submit the total [it] is owed and supporting evidence when [it] seeks to fix the amount of the retaining lien." *Lawrence v. Flohr*, No. 23 Civ. 9844 (SHS) (KHP), 2026 WL 1346435, at *2 (S.D.N.Y. May 13, 2026). Sher Tremonte's request for a retaining lien is granted, and the Court will fix the amount of the lien if and when Sher Tremonte submits documentation of the amount owed.

Accordingly, the motion is granted. By November 20, 2026, Plaintiff shall submit a letter advising the Court whether he has retained new counsel or intends to proceed *pro se*. Sher Tremonte must serve this Order upon Plaintiff by delivering a copy by email to Plaintiff's power of attorney and by USPS Priority Mail to Plaintiff's mailing address at FCI Allenwood, and file proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motion at Docket Number 124.

SO ORDERED.

Dated: October 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge