SHER TREMONTE LLP

October 30, 2026

**BY ECF**

The Honorable John P. Cronan
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

**Re: *Combs v. Burgess et al.*, No. 1:25-cv-00650-JPC (S.D.N.Y.)**

Dear Judge Cronan:

We write pursuant to the Court's Order at ECF No. 130 (the "Order"), which granted Sher Tremonte LLP's ("Sher Tremonte") motion to withdraw as counsel for Mr. Combs, ECF Nos. 124–26 (the "Motion"), and its request for a retaining lien to be fixed upon documentation of the amount owed by Mr. Combs to Sher Tremonte. Order at 2. We write to (1) submit such documentation reflecting the amount owed to Sher Tremonte for this matter, and (2) request that, in addition to the retaining lien already granted, the Court recognize and fix a charging lien in this matter.

This Court has already granted Sher Tremonte a retaining lien in this matter. *See* Order at 2; *see also Karimian v. Time Equities, Inc.*, No. 10-CV-3773, 2011 WL 1900092, at *6 (S.D.N.Y. May 11, 2011) (granting retaining lien upon attorney withdrawal). For the same reasons, Sher Tremonte also possesses a charging lien against any recovery by Mr. Combs against these Defendants in this case. Under New York law, "an attorney may claim a charging lien against a former client, which is an attachment to specific funds that constitute the client's recovery." *Lori Gardner-Alfred et al. v. Federal Reserve Bank of N.Y.*, No. 22-CV-1585 (LJL), 2026 WL 3136314, at *2 (S.D.N.Y. Oct. 20, 2026); *see also* N.Y. Judiciary Law § 475. A charging lien "comes into existence, without notice or filing, upon commencement of the action or proceeding" and may be enforced so long as the attorney "does not withdraw without 'good cause.'" *Hall v. ArchCare*, No. 18-CV-00515 (PAC) (SN), 2021 WL 979747, at *4 (S.D.N.Y. Mar. 16, 2021) (first quoting *DeCastro v. Kavadia*, No. 12-CV-00386 (JMF), 2018 WL 4771528, at *3 (S.D.N.Y. Oct. 3, 2018); and then quoting *Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366, 369 (S.D.N.Y. 2018)). The "non-payment of legal fees is established and accepted 'good cause' for an attorney's withdrawal, as is the breakdown of trust and communication between an attorney and his or her client." *Id.*

Here, this Court already determined that Sher Tremonte's withdrawal was supported by good cause because Mr. Combs is in substantial arrears on his legal fees and because there has been a total breakdown in cooperation and communication between Mr. Combs and Sher Tremonte. Order at 2; *see also* ECF No. 125 ("Tremonte Decl.") ¶¶ 5–8; *Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC) (SN), 2020 WL 1989292, at *1, *3

(S.D.N.Y. Apr. 27, 2020) (finding counsel entitled to a charging lien after withdrawing when the client fell significantly behind on monthly payments).

Pursuant to the Court's Order, Sher Tremonte respectfully submits that the retaining lien should be fixed in the amount of $581,893.75, the amount owed by Mr. Combs for Sher Tremonte's work in this matter. Sher Tremonte further requests that its charging lien under New York Judiciary Law § 475 be fixed in the same amount.

Concurrently with this letter, Sher Tremonte is filing a declaration appending a spreadsheet that describes the work performed in this action, delineated by the amount of time spent on such work, and the applicable rates of the professionals who performed it; the descriptions of this work were provided to Mr. Combs at his request during the representation. *See* Declaration of Michael Tremonte dated October 30, 2026, Exhibit A. The spreadsheet is respectfully submitted to the Court *ex parte* and under seal.

We submit this spreadsheet in lieu of the underlying invoices Sher Tremonte sent Mr. Combs and his representatives because, as your Honor may be aware, Sher Tremonte has represented Mr. Combs in dozens of separate matters over more than two years; accordingly, the invoices sent to Mr. Combs and his representatives include work performed across many matters and do not isolate the time and fees attributable to this case in particular. Therefore, the case-specific breakdowns reflected in the spreadsheet we submit will permit the Court to assess more readily the amount owed by Mr. Combs for this action. Sher Tremonte is prepared to also submit the invoices sent to Mr. Combs *ex parte* and under seal should the Court request them.

Mr. Combs will be provided a copy of these materials in their as-filed form.

Respectfully submitted,

*/s/ Michael Tremonte*

Michael Tremonte
Erica A. Wolff
Katie Renzler
SHER TREMONTE LLP
90 Broad Street, 23rd Fl.
New York, New York 10004
T: 212.202.2600
mtremonte@shertremonte.com
ewolff@shertremonte.com
krenzler@shertremonte.com