SHER TREMONTE LLP

October 30, 2026

**BY ECF**

The Honorable John P. Cronan
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

**Re: *Combs v. Burgess et al.*, No. 1:25-cv-00650-JPC (S.D.N.Y.)**

Dear Judge Cronan:

We write to request leave to file Exhibit A to the Declaration of Michael Tremonte, dated October 30, 2026, *ex parte* and under seal. The exhibit documents the amount Mr. Combs owes Sher Tremonte LLP ("Sher Tremonte") for its work in this action and is submitted so that the Court may fix Sher Tremonte's retaining lien against Mr. Combs's files and its charging lien against any recovery. *See* ECF No. 130 (granting Sher Tremonte's motion to withdraw and granting a retaining lien to be fixed upon submission of documentation of the amount owed). Pursuant to Rule 4.B.i of your Honor's Individual Rules, we conferred with counsel for NewsNation regarding this request, and counsel advised that they do not object to this request. We also reached out to counsel for Ms. Mitchell, but as of the time of filing have not received her position.

The document Sher Tremonte seeks to file *ex parte* and under seal is a spreadsheet setting forth work performed in this action for Mr. Combs. The spreadsheet contains detailed billing entries describing Sher Tremonte's legal work and is protected by the attorney-client privilege and work-product doctrine. Sher Tremonte therefore respectfully requests leave to submit the spreadsheet *ex parte* and under seal.

Although a presumption of public access attaches to "judicial documents," *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), sealing is warranted when that presumption is outweighed by important interests, including "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." *Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2023 WL 4144758, at *2 (S.D.N.Y. June 23, 2023). Here, preservation of the attorney-client privilege and application of the work-product protection warrants the requested sealing.

The document Sher Tremonte seeks to file under seal contains detailed information of the work Sher Tremonte performed for Mr. Combs. Those descriptions are protected by the attorney-client privilege and work-product doctrine. Accordingly, preserving those protections outweighs the presumption of public access. *See Virgil v. Finn*, No. 22 CIV. 3169 (CS) (JCM), 2025 WL 694450, at *3 (S.D.N.Y. Mar. 3, 2025) ("It is well-settled in

this Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents."). Courts also routinely permit the sealing of billing information of the kind at issue here. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) (noting that "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and . . . this method is viewed favorably by the courts"); *see also Stines v. Sanchez*, No. 1:21-cv-07884-DEH-GWG, ECF No. 139 (S.D.N.Y. Nov. 22, 2024) (sealing withdrawing counsel's billing documents containing entries describing work performed in the case).

For the foregoing reasons, Sher Tremonte therefore respectfully requests that the Court grant leave to seal Exhibit A to the Declaration of Michael Tremonte, dated October 30, 2026, *ex parte* and under seal.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Michael Tremonte*

Michael Tremonte
Erica A. Wolff
Katie Renzler
SHER TREMONTE LLP
90 Broad Street, 23rd Fl.
New York, New York 10004
T: 212.202.2600
mtremonte@shertremonte.com
ewolff@shertremonte.com
krenzler@shertremonte.com

The motion to seal is granted and Exhibit A to the Declaration of Michael Tremonte may be filed *ex parte* and under seal. Sher Tremonte must provide a copy of that Exhibit to Plaintiff.

Plaintiff may respond to Sher Tremonte's motion to fix retaining and charging liens, Dkt. 132, by November 30, 2026. Plaintiff may respond earlier, and may indicate whether he seeks an expedited decision on this request in connection with any efforts to retain new counsel.

Sher Tremonte must serve this Order upon Plaintiff by delivering a copy by email to Plaintiff's power of attorney and by USPS Priority Mail to Plaintiff's mailing address and file proof of service on the docket

The Clerk of Court is respectfully directed to close Dkt. 133.

SO ORDERED.
November 6, 2026

JOHN P. CRONAN
United States District Judge